**Nicholas ROSA, Petitioner–Appellee,**

**v.**

**Daniel A. SENKOWSKI, Superintendent, Clinton Correctional Facility, Respondent–Appellant.**

**Docket No. 97–2974.**

United States Court of Appeals, Second Circuit.

Argued May 18, 1998.

Decided June 24, 1998.

Joel A. Brenner, East Northport, New York, for Petitioner-Appellee.

Marc Frazier Scholl, Assistant District Attorney, New York City (Robert M. Morgenthau, District Attorney for New York County, Mark Dwyer, Assistant District Attorney, New York City, on the brief), for Respondent–Appellant.

Jonathan E. Gradess, Albany, New York (Alfred O'Connor, Albany, New York, of counsel), filed a brief for Amicus Curiae New York State Defenders Association in support of Petitioner–Appellee.

Before: KEARSE and MINER, Circuit Judges, and POLLACK, District Judge *.

* Honorable Milton Pollack, of the United States District Court for the Southern District of New

**PER CURIAM:**

Respondent Daniel A. Senkowski, superintendent of the New York State ("State") correctional facility having custody of petitioner Nicholas Rosa who filed a habeas corpus petition pursuant to 28 U.S.C.A. § 2254 (West 1994 & Supp.1998), appeals pursuant to 28 U.S.C. § 1292(b) from an order of the United States District Court for the Southern District of New York, Robert W. Sweet, *Judge*, denying the State's motion to dismiss on the ground that the petition is untimely under § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, § 101, 110 Stat. 1214, 1217 (to be codified at 28 U.S.C. § 2244(d)), which, effective April 24, 1996, imposed a one-year limitations period on the filing of such petitions. Rosa filed his habeas petition on April 8, 1997, less than one year after the effective date of AEDPA. The State argued that the petition was barred by AEDPA because it was filed some 10 years after Rosa's conviction had become final, *see* 28 U.S.C.A. § 2244(d)(1)(A) (West Supp.1998).

In an Opinion dated August 1, 1997, the district court, citing *Peterson v. Demskie*, 107 F.3d 92, 93 (2d Cir.1997), found that Rosa's petition was time-barred under AEDPA because it was not filed within a "reasonable time" after AEDPA's effective date. The district court ruled, however, that the State's motion to dismiss could not be granted because such a dismissal would violate the Suspension Clause of the Constitution, Art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."). We affirm on a different ground.

▮▮ In *Ross v. Artuz*, 150 F.3d 97 (2d Cir.1998); *Joseph v. McGinnis*, 150 F.3d 103, (2d Cir.1998) (per curiam); and *Mickens v. United States*, 148 F.3d 145 (2d Cir.1998), argued in tandem with the present case and decided today, we have ruled that AEDPA's limitations period does not bar a § 2254 petition, or a motion pursuant to 28 U.S.C.A.

York, sitting by designation.

§ 2255 (West 1994 & Supp.1998), filed within one year after the effective date of AEDPA. Since Rosa filed his § 2254 petition on April 8, 1997, *i.e.*, prior to the April 24, 1997 expiration of that one-year grace period, his petition was not time-barred by AEDPA. The constitutional issue is thus moot, and we express no view of the district court's ruling on that issue.

We have considered all of the State's arguments in support of its contention that the petition is untimely and have found in them no basis for reversal. Because Rosa's petition was timely filed under AEDPA, the order of the district court is affirmed.