**Anthony ROSS, Petitioner–Appellant,**

**v.**

**Christopher ARTUZ, Superintendent, Green Haven Correctional Facility, Respondent–Appellee.**

No. 97–2789.

United States Court of Appeals, Second Circuit.

Argued May 18, 1998.

Decided June 24, 1998.

David A. Lewis, New York City (The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York City, on the brief), for Petitioner–Appellant.

Amy Appelbaum, Assistant District Attorney, Brooklyn, NY (Charles J. Hynes, District Attorney for Kings County, Roseann B. MacKechnie, Melissa S. Horlick, Assistant District Attorneys, Brooklyn, NY, on the brief), for Respondent–Appellee.

Before: KEARSE and MINER, Circuit Judges, and POLLACK, District Judge*.

KEARSE, Circuit Judge:

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub.L. No. 104–132, 110 Stat. 1214, introduced for the first time a statute of limitations with respect to the filing of petitions for writs of habeas corpus and motions to vacate federal sentences. The AEDPA limitations period is, with certain variations, one year from the date on which the petitioner's conviction became final. The question we address today, in this and several similar cases, *see, e.g., Joseph v. McGinnis,* 150 F.3d 103 (2d Cir.

1998) (per curiam); *Mickens v. United States,* 148 F.3d 145 (2d Cir.1998), is whether prisoners whose convictions became final prior to the effective date of the Act's statute-of-limitations provision should have been allowed a period of one year after that effective date in which to file petitions pursuant to 28 U.S.C.A. § 2254 (West 1994 & Supp.1998) or motions pursuant to *id.* § 2255. We answer this question in the affirmative.

In the present case, petitioner Anthony Ross, a New York State ("State") prisoner, appeals from a judgment of the United States District Court for the Eastern District of New York, Raymond J. Dearie, *Judge,* dismissing his § 2254 petition for habeas corpus as time-barred under AEDPA § 101, Pub.L. No. 104–132, § 101, 110 Stat. 1214, 1217 (to be codified at 28 U.S.C. § 2244(d)). Ross was convicted of narcotics and weapons offenses in state court in 1989. His conviction was affirmed by the Appellate Division in 1994, and leave to appeal to the New York Court of Appeals was denied on January 18, 1995. Ross's conviction became final for these purposes when his time to seek direct review in the United States Supreme Court by writ of certiorari expired on April 18, 1995. Alleging a constitutional defect in his trial, Ross filed the present habeas petition (his first) in March 1997.

The State moved to dismiss on the ground that the petition, having been filed more than one year after Ross's conviction became final, was barred by AEDPA's one-year limitations period. In a Memorandum and Order dated October 1, 1997, the district court, relying on language in this Court's decision in *Peterson v. Demskie,* 107 F.3d 92 (2d Cir.1997), granted the State's motion to dismiss, stating as follows:

The Second Circuit has held that a state prisoner whose judgment of conviction became final before the enactment of the AEDPA [on April 24, 1996] and who "has had several years to contemplate bringing a federal habeas corpus petition," is allowed a "reasonable time" after April 24,

* Honorable Milton Pollack, of the United States District Court for the Southern District of New York, sitting by designation.

1996 to file a *habeas* petition, but not a full year after that date. *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997).

Memorandum and Order at 2. The district court noted that Ross filed his petition approximately two years after his conviction became final and nearly 11 months after the effective date of the Act. The court stated that Ross "offer[ed] no explanation for this delay," *id.,* and it found that the delay "was not 'reasonable' under the circumstances," *id.* at 3.

The district court granted Ross a certificate of appealability, and this appeal followed.

## DISCUSSION

Under § 2254, "a person in custody pursuant to the judgment of a State court" may petition a federal court for a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (1994). Prior to the enactment of AEDPA, there was no formal limit on the time for filing such a petition. Delayed filing was a basis for dismissal only if the ground for the petition could have been known to the petitioner earlier and the state could show that the delay "prejudiced [it] in its ability to respond to the petition." Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 9(a)").

AEDPA wrought a significant change. Pursuant to AEDPA, an "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" is subject to a "1–year period of limitation." 28 U.S.C.A § 2244(d)(1) (West Supp.1998). The limitations period begins to run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;, or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.; see also id.* § 2244(d)(2) (limitations period is tolled during pendency of "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim").

In *Reyes v. Keane,* 90 F.3d 676 (2d Cir. 1996), we considered whether AEDPA's new limitations provisions were intended to be applied retroactively to § 2254 petitions that had been filed before the effective date of the Act. We concluded that the limitations period does not apply to such petitions because there was "no indication that Congress wished to cut off access to federal courts by state prisoners who lacked notice of the new limitations period." *Id.* at 679; *see Lindh v. Murphy,* 521 U.S. 320, ——, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997) (AEDPA's amendments to Title 28, chapter 153, which includes the new limitations periods for the filing of § 2254 petitions and § 2255 motions, "generally apply only to cases filed after the Act became effective"). Thereafter, in *Peterson v. Demskie,* 107 F.3d 92 (2d Cir.1997), we considered whether a petition filed 72 days after the effective date of the Act, but some 18 years after the conviction had become final, was timely. We held that that petition was not time-barred by AEDPA. In the present case, along with several others decided today, *see Joseph v. McGinnis,* 150 F.3d 103 (2d Cir.1998) (per curiam); *Rosa v. Senkowski,* 148 F.3d 134 (2d Cir.1998) (per curiam); *De Chirico v. Walker,* No. 97–2529 (2d Cir. June 24, 1998) (summary order); *Norde v. Keane,* No. 97–2509 (2d Cir. June 24, 1998) (summary order); *Reynoso v. Artuz,* No. 97–2804 (2d Cir. June 24, 1998) (summary order); *Stroud v. Stinson,* No. 97–2733 (2d Cir. June 24, 1998) (summary order); *Williams v.*

*Senkowski,* No. 97–2551 (2d Cir. June 24, 1998) (summary order), we consider whether state prisoners' habeas petitions filed nearly one year after the effective date of the Act may be ruled time-barred under AEDPA, along with the parallel question of whether a federal prisoner's § 2255 motion filed on April 23, 1997, may be ruled time-barred under AEDPA, *see Mickens v. United States,* 148 F.3d 145 (2d Cir.1998).

■ Because the Constitution prohibits governments from depriving any person of life, liberty, or property, without due process of law, "all statutes of limitation must proceed on the idea that the party has full opportunity afforded him to try his right in the courts," *Wilson v. Iseminger,* 185 U.S. 55, 62, 22 S.Ct. 573, 46 L.Ed. 804 (1902). It is thus impermissible for a newly enacted or shortened statute of limitations to extinguish existing claims immediately upon the statute's enactment. *See, e.g., Block v. North Dakota ex rel. Board of University and School Lands,* 461 U.S. 273, 286 n. 23, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983); *Texaco, Inc. v. Short,* 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982); *Wilson v. Iseminger,* 185 U.S. at 62–63, 22 S.Ct. 573; *Sohn v. Waterson,* 84 U.S. (17 Wall.) 596, 599, 21 L.Ed. 737 (1873). Accordingly, where it is clear that Congress intended to foreclose suits on certain claims, "[t]he Constitution ... requires that statutes of limitations must ' "allow a reasonable time after they take effect for the commencement of suits upon existing causes of action." ' " *Block v. North Dakota ex rel. Board of University and School Lands,* 461 U.S. at 286 n. 23 (quoting *Texaco, Inc. v. Short,* 454 U.S. at 527 n. 21, 102 S.Ct. 781 (quoting *Wilson v. Iseminger,* 185 U.S. at 62, 22 S.Ct. 573)); *see, e.g., United States v. Morena,* 245 U.S. 392, 397, 38 S.Ct. 151, 62 L.Ed. 359 (1918); *Terry v. Anderson,* 95 U.S. 628, 632–33, 24 L.Ed. 365 (1877) ("statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect").

■ In adopting a new limitations period, the legislature may specify the grace period during which the pertinent claims may be asserted following the statute's enactment, and if it does so, the grace period specified will generally provide the measure of the required "reasonable time." *See, e.g., Texaco, Inc. v. Short,* 454 U.S. at 532, 102 S.Ct. 781 (legislature's specification of grace period entitled to "the greatest deference"); *Wilson v. Iseminger,* 185 U.S. at 62–63, 22 S.Ct. 573. If, however, the statute is silent as to the grace period to be allowed, the courts must fashion a grace period that is appropriate "in view of the subject-matter," *United States v. Morena,* 245 U.S. at 397, 38 S.Ct. 151.

The subject matter of a federal-court petition for habeas corpus or of a § 2255 motion is of the highest importance, for both assert constitutional defects or other violations of federal law in proceedings affecting human life or liberty. Thus, in ruling that courts should follow Habeas Rule 9(a) rather than generalized notions of equity in determining whether to dismiss a state prisoner's first habeas petition on the ground of delay, the Supreme Court in *Lonchar v. Thomas,* 517 U.S. 314, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996), observed that a procedural dismissal "of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Id.* at 324, 116 S.Ct. 1293 (emphasis omitted). The Court stated that "given the importance of a first federal habeas petition, it is particularly important that any rule that would deprive inmates of all access to the writ should be both clear and fair." *Id.* at 330, 116 S.Ct. 1293; *see id.* (discouraging the application to first federal habeas petitions of "ad hoc equitable devices").

AEDPA is silent as to what grace period is to be allowed for the filing of habeas petitions by prisoners whose convictions became final before the effective date of the Act. All of our sister Circuits that have considered this question have concluded that a one-year grace period should be allowed. *See, e.g., Burns v. Morton,* 134 F.3d 109, 111 (3d Cir.1998); *Calderon v. United States District*

*Court for the Central District of California,* 128 F.3d 1283, 1287 (9th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998); *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir.1996) (en banc), *rev'd on other grounds,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *O'Connor v. United States,* 133 F.3d 548, 550 (7th Cir. 1998) (reaffirming *Lindh*'s conclusion that a one-year grace period applies to federal prisoners' § 2255 motions); *see also United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir.1998) (adopting one-year grace period for § 2255 motions); *United States v. Simmonds,* 111 F.3d 737, 746 (10th Cir.1997) (same).

■ The State in the present case, however, contends that this Circuit resolved the question to the contrary in *Peterson v. Demskie,* in noting that we had previously declined to decide whether the duration of the grace period should be " 'a full year from the effective date of the Act or only a reasonable time thereafter,' " 107 F.3d at 93 (quoting *Reyes v. Keane,* 90 F.3d at 679), and in stating that

> [i]n circumstances like Peterson's, where a state prisoner has had several years to contemplate bringing a federal habeas corpus petition, *we see no need to accord a full year after the effective date of the AEDPA.* At the same time, we do not think that the alternative of a "reasonable time" should be applied with undue rigor,

*Peterson v. Demskie,* 107 F.3d at 93 (emphasis ours). Relying on the emphasized language, the State contends that after *Peterson,* a case-by-case "reasonable time" standard, rather than a generally applicable grace period of one year, is the law of this Circuit. The district court in this case agreed, as did the district courts in the eight other cases with which we deal today, as well as in many other cases not yet before us, *see, e.g., Albert v. Strack,* No. 97 CIV. 2978, 1998 WL 9382, at *2 (S.D.N.Y. Jan.13, 1998) (collecting cases). Contrary, however, to the views of the State and the courts that have described *Peterson* as having "held" that state prisoners whose convictions became final before the effective date of the Act need not be allowed a full year

after that date in which to file their habeas petitions, our language in *Peterson* was not a holding. *Peterson*'s § 2254 petition was filed just 72 days after the effective date of the Act, and our holding was that that petition was timely. Although *Peterson* stated that we saw no reason, where a prisoner has had several years in which to contemplate filing a federal habeas petition, to accord him a full year after AEDPA's effective date, that statement was not necessary to our decision, given the 72–day period at issue before us. Our statement that a full year need not be accorded was thus dictum.

In the light of hindsight, we conclude that that dictum should not be followed, given its lack of guidance to prisoners and the district courts. First, assuming that prisoners learned of AEDPA's new limitations period immediately after its effective date, few prisoners (a substantial number of whom proceed *pro se* ) are likely to have considered the mechanics of the Act's possible retroactive application; and if they did, there was no reason on the face of the matter, given Congress's adoption of one year as the limitations period, for a prisoner to have inferred that the grace period would be less than one year. Indeed, as discussed in *Mickens v. United States,* 148 F.3d 145, the United States Department of Justice promptly adopted the "official position" that the Department would not seek to enforce the similar limitations period provided in AEDPA for § 2255 motions

> until one year after the Act took effect— *i.e.,* April 24, 1997. That policy affords these prisoners at least as much time as their counterparts whose convictions become final after the Act's effective date, and reduces any potential unfairness.

(Memorandum from John C. Keeney, Acting Assistant Attorney General, to all United States Attorneys dated June 28, 1996, at 1, 9–10.) In addition, the Seventh Circuit's en banc decision in *Lindh v. Murphy,* 96 F.3d at 866, issued some five months after AEDPA became effective, indicated that the grace period should be one full year. To the extent that prisoners were aware of *Lindh,* it could only have reinforced a belief that they would be allowed a grace period of one year. In-

deed, our information as to filing statistics in one district within this Circuit reveals that nearly as many *pro se* § 2254 petitions were filed between April 1, 1997, and April 24, 1997, the last day of the one-year period following AEDPA's effective date, as were filed in all of 1996.

In addition, prior to AEDPA, when there was no specified time limit on the filing of § 2254 petitions, a prisoner was generally entitled, and even encouraged, to take the time necessary to construct a petition setting forth every factual and legal basis on which he contended his custody was unlawful. *See, e.g., McCleskey v. Zant,* 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (absent a demonstration of cause and actual prejudice, prisoners generally not permitted to raise an issue for the first time in a second or subsequent petition); *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (district court not permitted to entertain petition containing both exhausted and unexhausted claims). The "reasonable time" formulation in *Peterson v. Demskie* would not clearly have alerted a prisoner that he could not afford to take time within the one-year period to collect additional factual information to support his claim. For example, in *Reynoso v. Artuz,* No. 97–2804, decided today, the petition was initially filed in June 1996, was voluntarily withdrawn in August 1996 in order to permit the petitioner to develop evidence as to newly discovered facts, was refiled on March 31, 1997, and was then dismissed as time-barred by AEDPA under the *Peterson* "reasonable time" formulation.

Further, *Peterson* was decided on February 5, 1997, some 9½ months into the one-year period, and thus provided little useful notice to prisoners that less than the one-year period would be allowed. Prisoners who had not yet filed their petitions—and who learned of *Peterson* immediately upon its issuance—could perhaps have rushed to file in less than the 2½ months remaining; but they would not thereby have been assured of satisfying the "reasonable time" standard, *see, e.g., Santana v. United States,* 982 F.Supp. 942, 945 (S.D.N.Y.1997) (finding untimely under *Peterson* standard a § 2255 motion filed on February 24, 1997); *Scott v.*

*United States,* No. 97 CIV. 1633, 1998 WL 2828, at *1 (S.D.N.Y. Jan.6, 1998) (finding untimely under *Peterson* standard a § 2255 motion filed on February 17, 1997).

Finally, a "reasonable time" standard, especially one that "should [not] be applied with undue rigor," *Peterson v. Demskie,* 107 F.3d at 93, has "provided little guidance as to what factors should be considered," *Albert v. Strack,* No. 97 CIV. 2978, 1998 WL 9382, at *3 (listing assorted factors considered by various district courts), and has lent itself to uneven application. *Compare Rivalta v. Artuz,* No. 96 CIV. 8043, 1997 WL 401819, at *1 n. 1 (S.D.N.Y. July 16, 1997) (considering petitioner's *pro se* status in concluding that petition was timely), *with Rosa v. Senkowski,* No. 97 CIV. 2468, 1997 WL 436484, at *4 (S.D.N.Y. Aug 1, 1997) (finding *pro se* status an inappropriate consideration). *Compare Higgins v. Strack,* No. CV 97–2226, 1997 U.S. Dist. LEXIS 15598, at *2–3 (E.D.N.Y. Sept. 12, 1997) (holding timely a petition filed 17 months after conviction became final and 361 days after effective date of AEDPA), *with White v. Garvin,* No. 97 CIV. 3244, 1997 WL 626396, at *3 (S.D.N.Y. Oct.8, 1997) (dismissing as untimely a petition described as having been filed 19 months after conviction became final and 341 days after effective date of AEDPA). *Compare Jones v. Artuz,* No. CV 97–2394, 1997 WL 876735, at *1 (E.D.N.Y. Sept.13, 1997) (holding timely a petition filed 14 months after conviction became final and 357 days after effective date of AEDPA), *with Yeung v. Artuz,* No. 97 CIV. 3288, 1997 WL 572908, at *2 (S.D.N.Y. Sept.10, 1997) (dismissing as untimely a petition filed 14 months after conviction became final and 362 days after effective date of AEDPA).

In sum, a grace period of less than one year for prisoners whose convictions had become final prior to the effective date of AEDPA would not reasonably have been anticipated by prisoners; *Peterson*'s suggestion of less than a one-year period was not announced in time to give prisoners an adequate opportunity to file their claims in a "reasonable time" less than one year; and the "reasonable time" formulation was neither sufficiently clear to prisoners in light of

the prior exhaustion requirements nor sufficiently enlightening to the district courts to ensure uniform application. We conclude that, in light of the importance of the subject matter of habeas petitions and § 2255 motions, the grace period should be clear; and in light of Congress's selection of one year as the limitations period, we conclude that prisoners should have been accorded a period of one year after the effective date of AEDPA in which to file a first § 2254 petition or a first § 2255 motion.

Accordingly, in *Joseph v. McGinnis,* No. 97–2656, decided today, we have held that a § 2254 petition filed on April 23, 1997, was not time-barred by AEDPA. *See also Mickens v. United States,* 148 F.3d 145 (same re § 2255 motion filed on April 23, 1997). In the present case, Ross's petition, filed in March 1997, was likewise timely under AEDPA.

■ When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period. *See, e.g.,* Fed.R.Civ.P. 6(a); *Day v. Morgenthau,* 909 F.2d 75, 79 (2d Cir.1990). Our adoption of a grace period of one year means that petitions filed pursuant to § 2254 and motions filed pursuant to § 2255 are not barred by the statute of limitations established by AEDPA if filed on or before April 24, 1997.

■ We note that nothing in this opinion retreats from our observation in *Peterson,* 107 F.3d at 93, that the fact that a petition is not time-barred by AEDPA does not, in appropriate factual circumstances, preclude a dismissal of the petition as unduly delayed pursuant to Habeas Rule 9(a).

## CONCLUSION

We have considered all of the State's arguments in support of the dismissal of Ross's petition and have found them unpersuasive. The judgment of the district court is vacated and the matter is remanded for further proceedings.