**Dexter JOSEPH, Petitioner–Appellant,**

v.

**Michael McGINNIS, Superintendent, Southport Correctional Facility, Respondent–Appellee.**

**Docket No. 97–2656.**

United States Court of Appeals, Second Circuit.

Argued May 18, 1998.

Decided June 24, 1998.

Steven A. Feldman, Roslyn, New York (Feldman & Feldman, Roslyn, New York, of counsel), submitted a brief for Petitioner–Appellant.

Marc Frazier Scholl, Assistant District Attorney, New York City, (Robert M. Morgenthau, District Attorney for New York County, Mark Dwyer, Assistant District Attorney, New York City, on the brief), for Respondent–Appellee.

Before: KEARSE and MINER, Circuit Judges, and POLLACK, District Judge*.

Per Curiam:

Petitioner Dexter Joseph, a New York State prisoner, appeals from a judgment of the United States District Court for the Southern District of New York, Harold Baer, Jr., *Judge,* dismissing his habeas corpus petition, filed under 28 U.S.C.A. § 2254 (West 1994 & Supp.1998), as untimely under § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub.L. No. 104–132, § 101, 110 Stat. 1214, 1217 (to be codified at 28 U.S.C. § 2244(d)). Joseph was convicted of murder, assault, and weapons charges in state court in 1991. His conviction was affirmed on appeal, and it became final in March 1995. He filed the instant § 2254 petition (his first) on April 23, 1997. The district court, citing *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997), found that Joseph's petition was time-barred under AEDPA because it was not filed within a "reasonable time" after AEDPA's effective date.

In *Ross v. Artuz,* 150 F.3d 97 (2d Cir. 1998), and *Mickens v. United States,* 148 F.3d 145 (2d Cir.1998), argued in tandem with the present case and decided today, we have ruled that AEDPA's limitations period does not bar a § 2254 petition, or a motion pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp.1998), filed within one year after the effective date of AEDPA, *i.e.,* on or before April 24, 1997. Accordingly, Joseph's petition, filed on April 23, 1997, is timely.

The judgment of the district court is vacated and the matter is remanded for further proceedings.