**Elbert BRYANT, Petitioner,**

v.

**Thomas EISENSHMIDT, Superintendent, Governor Correctional Facility, Respondent.**

**No. 6:97–CV–799.**

United States District Court, N.D. New York.

July 30, 1998.

Elbert Bryant, Moravia, NY, Pro se.

Dennis C. Vacco, Attorney General of the State of New York, Albany, NY (Jeffrey M. Dvorin, Asst Atty. Gen., of counsel), for Respondent.

## MEMORANDUM–DECISION & ORDER

MCAVOY, Chief Judge. . . .

Petitioner Elbert Bryant, a *pro se* state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This matter was referred to the Honorable David N. Hurd, United States Magistrate Judge, for a Report–Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). After referral, respondent filed a motion to dismiss the petition. In his Report–Recommendation filed April 14, 1998, Magistrate Judge Hurd recommends that respondent's motion be granted and that the

petition be dismissed. Petitioner filed timely objections to the Report–Recommendation in accordance with Magistrate Hurd's order of May 11, 1998.

For the reasons that follow, this Court adopts the Report–Recommendation and dismisses the petition in its entirety.

## I. BACKGROUND

Bryant was tried and convicted after a jury trial in the Onondaga County Court, on the charge of rape in the first degree, sexual abuse in the first degree, criminal use of a firearm in the first degree, and unlawful imprisonment in the first degree. On August 28, 1987, Bryant was sentenced to concurrent terms of imprisonment, the longest of which was twelve and one-half years (12½) to twenty-five (25) years imprisonment. Petitioner did not file a timely notice of appeal from his judgment of conviction.

On July 12, 1991, the Appellate Division, Fourth Department, denied petitioner's application to file an appeal. On October 4, 1991, the Appellate Division, Fourth Department, denied petitioner's request for reconsideration. On December 5, 1991, the Court of Appeals of New York dismissed petitioner's application for a certificate to appeal. Petitioner filed no further state court collateral proceedings attacking the judgement challenged herein. On June 5, 1997, petitioner filed the pending writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## II. DISCUSSION

Petitioner contends in his petition for a writ of habeas corpus that: (1) he was denied effective assistance of counsel because his trial attorney failed to file a notice of appeal and then "failed to correct the error"; and (2) his due process rights were violated when both the trial court and the appellate court refused to allow him to file a late notice of appeal.

■ When entertaining an application for a writ of habeas corpus contesting a state court judgment, any factual determination by the state court shall be presumed to be correct unless it is "not fairly supported by the record." 28 U.S.C. § 2254(d). Magistrate

Judge David N. Hurd, after reviewing the case under this standard, recommends that the petition be dismissed as time-barred.

Because objections have been filed, the Report–Recommendation is subject to *de novo* review by this Court, which may accept, reject, or modify it, in whole or in part. *See* 28 U.S.C. § 636(b)(1).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations on applications for writs of habeas corpus. 28 U.S.C.A. § 2244(d)(1) (West Supp.1997). The relevant sections of the AEDPA statute provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C.A. § 2244(d)(1)(A).

On June 24, 1998, the Second Circuit found "that in light of the importance of the subject matter of habeas petitions and § 2255 motions, the 'reasonable time' standard set forth in *Peterson [v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997) ], shall no longer be followed given its lack of guidance to prisoners and the district courts." *Ross v. Artuz,* 150 F.3d 97 (2d Cir.1998). The *Ross* court held that prisoners whose convictions have become final prior to the effective date of the AEDPA will be afforded a one-year grace period to file either a first habeas petition or a first § 2255 motion. Thus, prisoners filing habeas petitions will not be barred by the statute of limitations set by the AEDPA so long as the petition is filed on or before April 24, 1997.

■ In the present case, petitioner filed his petition for a writ of habeas corpus on June 5, 1997, four hundred and seven days (407) after the effective date of the AEDPA. Consequently, the petition is untimely.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** petitioner's application for a writ of

habeas corpus in its entirety and dismisses the petition.

**IT IS SO ORDERED.**