George E. CHAPDELAINE

v.

**UNITED STATES of America.**

**C.A. No. 97–160–T.**

United States District Court,
D. Rhode Island.

Jan. 5, 1999.

Robert B. Mann, Mann & Mitchell, Providence, RI, for plaintiff.

James H. Leavey, Asst. U.S. Attorney, United States Attorney's Office, Providence, RI, for defendant.

## MEMORANDUM AND ORDER

TORRES, District Judge.

Pursuant to 28 U.S.C. § 2255, George Chapdelaine seeks to vacate or correct his sentence for using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). Chapdelaine objects to a Magistrate Judge's recommendation that his motion be denied on the ground that it was not filed within the one year period of limitation established by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

The issue presented is whether a § 2255 motion filed less than one year after AEDPA's enactment but more than one year after the events that AEDPA lists as triggers for the limitation period, is time barred. Because I answer that question in the negative, the Magistrate Judge's recommendation is rejected and Chapdelaine's motion is referred back to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation regarding the merits of the motion.

### Background

Chapdelaine was sentenced on March 18, 1992. He appealed unsuccessfully and the Supreme Court denied his petition for a writ of certiorari on January 10, 1994. At that time, there was no time limit for filing § 2255 motions. Effective April 24, 1996, AEDPA amended § 2255 by inserting the following provision:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Chapdelaine filed his § 2255 motion on March 24, 1997, a little less than one year after AEDPA's effective date. In that motion, he claims that the Supreme Court's December 6, 1995, decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), invalidates his conviction.

The Magistrate Judge recommended that Chapdelaine's motion be denied on the ground that it was not filed within the time prescribed by the AEDPA amendment. The Magistrate Judge correctly determined that, in Chapdelaine's case, the latest possible date referred to in the statute was December 6, 1995, when *Bailey* was decided. The Magistrate Judge concluded that, since Chapdelaine's motion was filed more than one year after *Bailey,* it was time barred.

### Discussion

I. *The Problem*

The AEDPA amendment does two things. First, it establishes a one-year period of limitations for filing § 2255 motions. Second, it describes the triggering events from which the period begins to run.

There are three kinds of cases to which the AEDPA amendment might apply:

1. Cases in which the § 2255 motion was filed before AEDPA's enactment.

2. Cases in which the § 2255 motion was filed after AEDPA's enactment and the triggering events also occurred after enactment.

3. Cases in which the § 2255 motion was filed after AEDPA's enactment but the triggering events occurred before enactment.

■ It is well established that AEDPA's period of limitations has no application to motions filed prior to its adoption. *See Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) ("We read this provision of § 107(c) [of AEDPA], expressly applying chapter 154 to all cases pending at enactment, as indicating implicitly that the amendments to Chapter 153 [of which § 2255 is a part] were assumed and meant to apply to the general run of habeas cases only when those cases had been filed after the date of the Act.") It seems equally clear that there is no impediment to applying the one-year period of limitations to motions filed after AEDPA's enactment when the triggering events also occurred after enactment.

However, the situation is far different in cases where the § 2255 motion was filed after AEDPA but the triggering events occurred before AEDPA. In those cases, measuring the one-year period from the triggering events would prevent a convicted defendant from seeking relief; or, at the very least, would afford him less than a year in which to do so. Where the triggering event occurred more than one year prior to AEDPA, any right to file a § 2255 motion would be extinguished. Similarly, if the triggering event occurred less than one year before AEDPA's enactment, the defendant would have somewhere between 1 day and 364 days in which to file, depending upon how much time elapsed between the triggering event and AEDPA's enactment. Confronted with such harsh and uneven results, courts must grapple with the question of whether the triggering provisions portion of § 2255 applies, retrospectively, to this category of cases.

## II. *The General Principles*

■ Ordinarily, "a court [applies] the law in effect at the time it renders its decision." *Landgraf v. USI Film Prods.,* 511 U.S. 244, 264, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (quoting *Bradley v. School Bd. of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974)). However, there is a strong presumption against construing a statute to have a retroactive effect. *Id.* (cit-

ing *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988)). That presumption may be overcome by a clear manifestation of legislative intent that the statute apply retroactively. *See id.* Where such an intent is expressed, the statute is applied retroactively unless doing so would violate a specific constitutional prohibition. *See id.* at 266–68, 109 S.Ct. 468.

### A. *Retroactivity*

The Supreme Court has said:

... the presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic. Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted. For that reason, the "principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal."

*Id.* at 265, 109 S.Ct. 468 (quoting *Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 855, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990) (Scalia, J., concurring)).

■ However, "deciding when a statute operates 'retroactively' is not always a simple or mechanical task." *Id.* at 268, 109 S.Ct. 468. "[A] statute 'is not made retroactive merely because it draws upon antecedent facts for its operation.'" *Id.* at 269 n. 24, 109 S.Ct. 468 (quoting *Cox v. Hart,* 260 U.S. 427, 435, 43 S.Ct. 154, 67 L.Ed. 332 (1922)). The critical inquiries are whether it "attaches new legal consequences to events completed before its enactment" or "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *Id.* at 269–70, 109 S.Ct. 468 (quoting *Society for Propagation of the Gospel v. Wheeler,* 22 F.Cas. 756, 767 (CCDNH 1814) (No. 13,156)). Among the factors to be considered are whether those affected received fair notice of the change; whether they acted in reasonable reliance on prior law

and whether the new law upsets their settled expectations derived from the prior law. *Id.* at 270, 109 S.Ct. 468.

In this case, applying the trigger provisions of § 2255 to Chapdelaine's motion would have a clear retroactive effect. It would upset the settled expectation, arising under prior law, that a § 2255 motion could be filed at any time. In addition, it would attach new legal consequences to events occurring prior to its enactment. The previous denial of Chapdelaine's petition for certiorari or the Supreme Court's decision in *Bailey* would, now, acquire a new significance as events triggering a previously nonexistent one-year period of limitations. Finally, it would extinguish, and not just impair, Chapdelaine's preexisting right to seek relief pursuant to § 2255 without providing him with fair notice of the change or any opportunity to conform to the new requirement.

Accordingly, the Court must seek to determine whether Congress has manifested a clear intent to make the triggering provisions retroactively applicable to cases like this one.

### B. *Congressional Intent*

As already noted, when Congress expressly states an intention that a statute apply retroactively, that intention must be given effect unless retroactive application would violate a specific Constitutional prohibition. *See id.* at 266–68, 109 S.Ct. 468. Absent a Constitutional violation, "the potential unfairness of retroactive civil legislation is not a sufficient reason for a court to fail to give a statute its intended scope." *Id.* at 267, 109 S.Ct. 468.

When vested rights are impaired by a newly enacted statute of limitations, the statute, generally, will be held unconstitutional. *See Wilson v. Iseminger,* 185 U.S. 55, 22 S.Ct. 573, 46 L.Ed. 804 (1902) (stating that a new statute limiting time to recover rent violates the Contracts Clause unless it provides a reasonable time in which to bring suit on existing claims). *See also Texaco, Inc. v. Short,* 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982).

A number of circuit courts have applied this principle to § 2255 by granting defendants a one-year grace period in which to seek relief. *See, e.g., Brown v. Angelone,* 150 F.3d 370 (4th Cir.1998); *Ross v. Artuz,* 150 F.3d 97 (2d Cir.1998); *United States v. Flores,* 135 F.3d 1000 (5th Cir.1998); *Calderon v. United States Dist. Court for the Cent. Dist. of Cal.,* 128 F.3d 1283 (9th Cir.1997) *cert. denied,* —— U.S. ——, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998); *United States v. Simmonds,* 111 F.3d 737 (10th Cir.1997). However, none of those courts has addressed whether the ability to file a § 2255 motion is a vested right entitled to Constitutional protection.

This Court need not decide whether the opportunity to file a § 2255 motion was a vested right that would be impermissibly impaired by the triggering provisions of AEDPA because Congress has not clearly expressed any intention to apply those provisions retroactively. Neither the statute nor its legislative history contains any such manifestation of intent.

On the contrary, it is doubtful that Congress intended to create a patchwork system under which some defendants (i.e., those whose triggering events occurred more than one year before AEDPA's enactment) would be entirely foreclosed from filing a § 2255 motion; other defendants (i.e., those whose triggering events occurred within one year prior to AEDPA's enactment) would have periods ranging from 1 day to 364 days in which to file and still other defendants (i.e., those whose triggering events occurred after AEDPA's enactment) would have a full year in which to file. It is more likely that Congress merely intended to afford a convicted defendant one year, and no more, in which to file a § 2255 motion. That purpose would not be served and, in fact, would be subverted by providing a lesser period of time for some defendants and abruptly extinguishing the right of other defendants to file at all.

### *Conclusion*

In short, the presumption against construing § 2255 to apply retroactively is not overcome by any manifestation of a contrary Congressional intent. Consequently, the triggering provisions are inapplicable to Chapdelaine's motion because they occurred prior to AEDPA's enactment. In this case,

the one-year period of limitation began running on April 24, 1996 when AEDPA took effect. Since Chapdelaine's motion was filed less than a year after that, it was timely. Accordingly, the Magistrate Judge's recommendation that Chapdelaine's motion be denied is hereby rejected and the motion is referred back to the Magistrate Judge for consideration on its merits.

IT IS SO ORDERED.