**William CROMWELL, Petitioner–Appellant,**

v.

**John P. KEANE, Respondent–Appellee.**

**No. 99–2156.**

United States Court of Appeals, Second Circuit.

Sept. 28, 2001.

Julia Pamela Heit, Esq., New York, NY, for petitioner-appellant.

Nicole Beder, Assistant District Attorney; Robert M. Morgenthau, District Attorney, New York County; Morrie I. Kleinbart, Assistant District Attorney, on the brief, New York, NY, for respondent-appellee.

Present WALKER, Chief Judge, OAKES and SOTOMAYOR, Circuit Judges.

SUMMARY ORER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is REVERSED and REMANDED.

Appellant William Cromwell ("Cromwell" or appellant) appeals from the January 13, 1999 judgment of the United States District Court for the Southern District of New York dismissing with prejudice his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

On December 8, 1983, a New York County jury convicted appellant of murder, assault and criminal possession of a weapon in the second degree. Justice Edwin Torres sentenced appellant pursuant to that verdict on January 10, 1984. Appellant filed a motion to vacate his conviction under New York Criminal Procedure Law § 440.10 in June 1996; it was denied by Justice Torres on August 8, 1996. On December 31, 1996, the Appellate Division, First Department denied Cromwell's application for leave to appeal Justice Torres's decision. Appellant subsequently filed a federal petition for a writ of habeas corpus dated July 30, 1997; it was stamped received on December 5, 1997 by the *pro se* office of the United States District Court for the Southern District of New York. An application to proceed *in forma pauperis* dated September 2, 1997 appears to have been filed with his habeas petition.

On appeal, appellant argues that (1) the statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA") should be equitably tolled in his case as he has presented sufficient facts to demonstrate actual innocence; and (2) this court should reconsider and overrule its prior rulings that AEDPA's one-year statute of limitations does not violate the Suspension Clause of the United States Constitution.

■■■ We review the district court's denial of a petition for a writ of habeas corpus *de novo*. *See Sellan v. Kuhlman*, 261 F.3d 303, 308 (2d Cir.2001). It is well established that incarcerated *pro se* litigants are deemed to have filed their federal papers on the date the papers were handed to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Adeline v. Stinson*, 206 F.3d 249, 251 n. 1 (2d Cir.2000). Although the record is not completely clear on this point, we agree with appellee's contention that the district court erred in concluding that appellant's petition was not timely filed. In the absence of other evidence regarding the date on which Cromwell's petition was handed to prison officials for mailing, we consider his petition to have been filed on September 2, 1997, the date on which petitioner signed his *in forma pauperis* application. *See Rhodes v. Senkowski*, 82 F.Supp.2d 160, 165 (S.D.N.Y.2000) (collecting cases). The "limitations period is tolled during pendency of [a] 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Ross v. Artuz*, 150 F.3d 97, 99 (2d Cir.1998) (quoting 28 U.S.C. § 2244(d)(2)).

Accordingly, the period from April 24, 1996 to June 3, 1996 (40 days) plus the period from December 31, 1996 to September 2, 1997 (245 days), a total of 285 days, is the applicable period to determine whether appellant's petition was timely filed. Since 285 days is clearly less than the one-year time limitation for petitions brought by prisoners whose convictions became final prior to the effective date of AEDPA, we conclude that Cromwell's petition was timely filed. *See Ross*, 150 F.3d at 103.

For the foregoing reasons, we REVERSE the judgment of the district court dismissing Cromwell's petition for a writ of habeas corpus and REMAND the case for further proceedings.