Michael PALMERI, Plaintiff,

v.

Charles GREINER, Superintendent,
Green Haven Correctional
Facility, Defendant.

No. 01 CV 0369(ADS).

United States District Court,
E.D. New York.

Nov. 27, 2001.

Michael Palmeri, Green Haven Correctional Facility, Stormville, NY, Petitioner Pro Se.

Office of the District Attorney, Suffolk County, Riverhead, NY, By John J. Ribeiro, Assistant District Attorney, for the Respondent Arthur M. Cromarty Court Complex.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Michael Palmeri ("Palmeri" or the "petitioner") by a petition dated January 3, 2001, and filed on January 19, 2001, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In papers dated March 7, 2001, the respondent seeks dismissal of the petition as untimely.

## I. BACKGROUND

On February 24, 1994, a judgment was entered in the County Court, Suffolk County (Weissman, J.), convicting the petitioner, after a guilty plea, of two counts of murder in the second degree (Penal Law §§ 125.25(1), (2)) and sentencing him to an indeterminate term of imprisonment of from nineteen years to life. Palmeri is currently serving his sentence.

On February 22, 1994, the petitioner's appellate counsel perfected his appeal to the Appellate Division, Second Department by filing a brief in that court. Counsel raised the following issues in his appellate brief: (1) the trial court erred by denying his motion to withdraw his guilty plea without conducting a hearing; and (2) his sentence was harsh and excessive.

Palmeri submitted a *pro se* supplemental brief, in which he raised the following arguments: (1) his plea allocution was not legally sufficient to support a murder conviction; and (2) his right to counsel had been violated during his custodial interrogation.

In a decision dated May 6, 1996, the Appellate Division, Second Department, unanimously affirmed the petitioner's judgment of conviction. *See People v. Palmeri*, 227 A.D.2d 418, 642 N.Y.S.2d 555 (2d Dept.1996). The Second Department held that: (1) the trial court did not abuse its discretion in denying, without a hearing, the petitioner's motion to withdraw his guilty plea; (2) the petitioner's guilty plea was knowingly and voluntarily entered; and (3) the petitioner had no basis to complain that the sentence to which he agreed was harsh or excessive. *See Palmeri*, 227 A.D.2d at 418, 642 N.Y.S.2d at 555.

In papers filed in the Appellate Division, Second Department, on or about May 28, 1996, the petitioner moved for reconsideration of the court's decision affirming his conviction.

On August 16, 1996, the Court of Appeals (Levine, J.) denied the petitioner's leave application. *See People v. Palmeri*, 88 N.Y.2d 991, 672 N.E.2d 624, 649 N.Y.S.2d 398 (1996).

In an order dated September 19, 1996, the Appellate Division, Second Department denied the petitioner's motion for reconsideration.

On July 23, 1997 the petitioner, proceeding *pro se*, filed a motion in the County Court, Suffolk County, seeking to vacate his judgment of conviction pursuant to Criminal Procedure Law ("CPL") § 440.10. In support of his motion, the petitioner claimed that: (1) he had been denied the effective assistance of counsel because his attorney coerced him into ac-

cepting the plea offer and failed to investigate his psychiatric history as a possible defense; and (2) the plea allocution was inadequate to form a proper factual basis for accepting the plea.

The County Court, Suffolk County denied the petitioner's CPL § 440.10 motion in an order dated November 24, 1997. The court held that the petitioner's claims regarding the plea allocution were procedurally barred by CPL § 440.10(2)(a) because that argument had been determined on the merits upon an appeal from the judgment. The court also found that the petitioner's ineffective assistance of counsel claims were meritless in light of the lengthy pre-trial hearing and the plea allocution.

In an order dated February 13, 1998, the Appellate Division, Second Department denied the petitioner's application for leave to appeal the denial of his CPL § 440.10 motion.

On May 28, 1999, the petitioner, who still was proceeding *pro se*, filed his second motion to vacate his judgment of conviction pursuant to CPL § 440.10. In this second collateral attack, the petitioner argued that: (1) his conviction should be vacated because he lacked the intent to commit the murder due to drug use; (2) he had been deprived of the effective assistance of counsel; (3) the prosecutor committed *Rosario* and *Brady* violations by deliberately withholding the results of the petitioner's blood test; (4) he was improperly sentenced in the absence of counsel; (5) the court erred by failing to order, *sua sponte*, a psychiatric examination of the petitioner; and (6) the presentence investigation report contained errors regarding the petitioner's mental history. The County Court denied the petitioner's second motion in an order dated July 1, 1999.

In an order dated January 4, 2000, the Appellate Division, Second Department de-

nied the petitioner's application for leave to appeal the denial of his second CPL § 440.10 motion.

On January 19, 2001, the petitioner submitted the present application for a writ of habeas corpus. Thereafter, on February 5, 2001, the petitioner filed a memorandum of law in support of his application. He raises the following arguments in the memorandum of law: (1) he was denied the effective assistance of counsel in that his attorney failed to provide him with an informed opinion as to whether he should plead guilty or proceed to trial and failed to advise him of the availability of affirmative defenses; and (2) he was denied his right to due process when the prosecution failed to disclose critical discovery material.

On March 8, 2001, the respondent filed a motion to dismiss the petition on the ground that it is time barred. The petitioner filed papers in opposition to the motion on March 14, 2001.

## II. *DISCUSSION*

This petition is brought pursuant to 28 U.S.C. § 2254, and was filed on January 19, 2001, after the April 24, 1996 effective date of the Anti–Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). Accordingly, the provisions of the AEDPA apply to the petitioner's case. *Williams v. Taylor,* 529 U.S. 420, 429, 120 S.Ct. 1479, 1486, 146 L.Ed.2d 435 (2000).

Section 2244(d)(1) provides that when a petitioner is in custody pursuant to a judgment of a state court, the one-year statute of limitations for filing a habeas corpus petition begins running from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Palmeri's petition does not allege facts that invoke subsection (B) which permits the one-year period to begin running on the date on which a government impediment to the motion is removed; subsection (C) which provides for the limitations period to begin running when the rights asserted by the petitioner were initially recognized by the Supreme Court; or subsection (D) which provides that the limitations period should begin running when the facts supporting the claim could have been discovered through due diligence. Therefore, the timeliness of Palmeri's petition hinges on whether he filed it within one year of the date on which his judgment of conviction became final.

■ A prisoner's judgment of conviction becomes final under Section 2254 of the AEDPA when the United States Supreme Court denies the prisoner's petition for a writ of certiorari or the time for seeking such a writ has expired, which is 90 days. *Williams v. Artuz,* 237 F.3d 147, 148 (2d Cir.2001); *Ross v. Artuz,* 150 F.3d 97, 98 (2d Cir.1998). The New York Court of Appeals denied the petitioner's request for leave to appeal the Appellate Division's decision on August 16, 1996. Thus, Palm-

eri's conviction became final 90 days later, on November 16, 1996. *See Williams,* 237 F.3d at 148; *Ross,* 150 F.3d at 98.

This case presents a wrinkle on the finality of the petitioner's conviction. On May 28, 1996, between the date the Appellate Division affirmed the petitioner's conviction and the date the Court of Appeals denied leave, the petitioner filed a motion with the Appellate Division seeking reconsideration of that court's decision affirming his conviction. The Appellate Division denied the petitioner's motion on September 16, 1996. Assuming, without deciding, that the petitioner could have appealed that decision to the Court of Appeals, he would have had 30 days in which to do so. *See* CPL § 460.10(5)(a). Further, had the petitioner sought subsequent review to the Supreme Court, he would have had 90 days in which to file his application for writ of certiorari. Therefore, in this Court's view, the petitioner's conviction became final, at the latest, on January 14, 1997, 120 days after the Appellate Division denied his motion for reconsideration. *See Williams,* 237 F.3d at 148; *Ross,* 150 F.3d at 98. Thus, the one-year limitations period began running on January 14, 1997, and Palmeri had one year from that date to file a timely habeas corpus petition in federal court. However, he did not file his petition until January 19, 2001—more than three years after the statute of limitations had expired.

■ Nevertheless, the one-year limitations period contained in the AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, the one-year limitations period ran from January 14, 1997 until July 23, 1997, when Palmeri filed his first CPL § 440.10 motion. Thereafter, the limitations period was tolled from July

23, 1997 through February 13, 1998, the date on which the Appellate Division, Second Department affirmed the denial of Palmeri's CPL § 440.10 motion. *See Bennett v. Artuz,* 199 F.3d 116, 119–20 (2d Cir.1999) (declining "to hold that a postconviction petition is not pending before state courts during the intervals between disposition and appeal" on the ground that this holding "would force appellants into federal court prematurely, before 'giv[ing] ... state courts [a] full opportunity to resolve any constitutional issues'"); *see also Hizbullahankhamon v. Walker,* 255 F.3d 65, 72 (2d Cir.2001) (characterizing *Bennett,* 199 F.3d at 116, as having held "that an application for post-conviction review is pending from the time it is filed, during the intervals between disposition and appeal, and until further appellate review is unavailable"). *But see Robinson v. Ricks,* 2001 WL 1078356 *6 (E.D.N.Y. Sept.7, 2001) (distinguishing *Bennett* and holding that the limitations period was not tolled during the interval between the denial of the petitioner's CPL § 440.10 motion and his application for leave to appeal that denial). When the limitations period was tolled for the first time, 164 days had elapsed.

The limitations period began running again on February 14, 1998 and continued to do so for the next 468 days, until May 28, 1999 when the petitioner filed his second CPL § 440.10 motion. At this point, a total of 632 days that could be counted toward the limitations period, *see* 28 U.S.C. § 2244(d) had elapsed.

The one-year limitations period commenced again on January 4, 2000, when the Appellate Division denied the petitioner's application for leave to appeal County Court's denial of his second CPL § 440.10 motion. It continued to run for the next 374 days, until January 19, 2001, when the

petition filed the present petition for a writ of habeas corpus.

Thus, even excluding the time during which the petitioner's two CPL § 440.10 motions and CPL § 460.15 applications were pending, a total of 1006 days elapsed between the date on which his conviction became final—January 14, 1997—and the date on which he filed the present petition for a writ of habeas corpus—January 19, 2001. As such, Palmeri has exceeded the statute of limitations by 641 days, and his petition must be dismissed as time-barred.

Having reviewed the submissions of the parties and based on the foregoing, it is hereby

**ORDERED**, that the petition for a writ of habeas corpus is dismissed as time-barred; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**