Keith TOWNES, Petitioner–Appellant,

v.

Superintendent LACY, Respondent–
Appellee.

No. 01–2523.

United States Court of Appeals,
Second Circuit.

May 23, 2003.

Jeffrey G. Pittell, Great Neck, NY, for
Appellant.

Morrie L. Kleinbart, District Attorney's
Office, New York, NY, for Appellee.

PRESENT: MCLAUGHLIN, LEVAL,
and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

THIS SUMMARY ORDER WILL NOT
BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CITED
AS PRECEDENTIAL AUTHORITY TO
THIS OR ANY OTHER COURT, BUT
MAY BE CALLED TO THE ATTEN-
TION OF THIS OR ANY OTHER
COURT IN A SUBSEQUENT STAGE
OF THIS CASE, IN A RELATED CASE,
OR IN ANY CASE FOR PURPOSES OF
COLLATERAL ESTOPPEL OR RES
JUDICATA.

At a stated term of the United States
Court of Appeals for the Second Circuit,
held at the United States Courthouse, Fo-
ley Square, in the City of New York, on
the 23rd day of May, two thousand and
three.

UPON DUE CONSIDERATION of this
appeal from a judgment of the United
States District Court for the Southern Dis-
trict of New York (Mukasey, J.), it is
hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Petitioner Keith Townes appeals from a judgment of the United States District Court for the Southern District of New York (Mukasey, J.) dismissing his petition for habeas corpus as untimely under 28 U.S.C. § 2244(d)(1). We review *de novo* the district court's denial of the petition. *Pratt v. Greiner*, 306 F.3d 1190, 1196 (2d Cir.2002).

On September 5, 1985, following a jury trial, Townes was found guilty of Murder in the Second Degree and Criminal Possession of a Weapon in the Third Degree, in violation of New York penal law. Townes was subsequently sentenced to an indeterminate term of imprisonment from twenty years to life. Townes appealed his conviction, which was affirmed, *see People v. Townes*, 151 A.D.2d 1055, 544 N.Y.S.2d 406 (1st Dep't 1989), and his motion for leave to appeal to the Court of Appeals was denied on December 7, 1989, *see People v. Townes*, 75 N.Y.2d 777, 551 N.Y.S.2d 919, 551 N.E.2d 120 (1989). Townes moved to vacate his sentence under N.Y.C.P.L. § 440.10 on September 10, 1993. The state court denied this motion on April 29, 1994; leave to appeal was denied by the Appellate Division on December 8, 1994. Townes filed a petition for writ of habeas corpus *pro se* in the Southern District of New York on April 8, 1996. Although Townes's federal habeas petition presented the same arguments raised in his § 440.10 motion, he subsequently requested that the petition be dismissed without prejudice to allow him to exhaust an additional claim in state court. The petition was dismissed without prejudice on June 16, 1998. The magistrate judge expressly advised Townes of the one year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and indicated that his "only avenue for habeas corpus relief may be [as a second or successive petition under] 28 U.S.C. § 2244(d)(1)(D)."

Townes never pursued the additional claims in state court. Instead, on June 6, 1999, he filed the petition giving rise to this appeal, raising the claim presented in the first petition and three additional grounds for relief. The district court dismissed the petition as untimely, reasoning that under *Ross v. Artuz*, 150 F.3d 97 (2d Cir.1998), the AEDPA allowed Townes until April 24, 1997 to file a habeas petition. Because the first petition had been filed on April 8, 1997, Townes only had sixteen days remaining before the statute of limitations expired within which to refile his petition. The district court found that the time between the dismissal of the first petition on June 16, 1998, and the filing of the second petition on June 6, 1999, could not be tolled, and dismissed the petition as untimely. On appeal, Townes argues, citing *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.2001), that the district court should have stayed the first petition instead of dismissing it.

The State argues that *Zarvela* does not apply because Townes's first petition was not a mixed petition. Although the Certificate of Appealability was granted on the issue whether the dismissal of the first petition was proper in light of *Zarvela*, we do not reach the question of whether *Zarvela* applies to dismissals of petitions containing only exhausted claims because we find that petitioner's failure to use reasonable diligence in bringing his new unexhausted claim to state court or in promptly returning to federal court leaves him ineligible for *Zarvela'*s rule even if it applies.

Unlike the petitioner in *Zarvela*, Townes never returned to state court to exhaust his claim. Instead, he waited 355 days to re-file his habeas petition in federal court. While he argues that the time following dismissal of the initial petition should be equitably tolled because he was held in keeplock during this period, we conclude that even if keeplock, a form of administrative segregation, constitutes an "extraordinary circumstance" that otherwise would permit equitable tolling, *cf. Hizbulla-hankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir.2001), Townes waited at least three months after he was released from keeplock before re-filing the petition.[1] Although Townes also argues that he lacked two affidavits he needed to pursue his claims in state court, he obtained one of the affidavits on September 10, 1998, and has not offered any explanation as to why he was unable to pursue his claims without the second.

Accordingly, because we find that Townes failed to act with reasonable diligence during the time he seeks to have tolled, we hold that the district court did not err in concluding that the re-filed petition was untimely.

---

1. The actual amount of time spent by Townes in keeplock is unclear from this record. For purposes of this appeal, we assume that petitioner's second keeplock sanction, imposed June 11, 1998, ended on March 10, 1999 because it was deferred for three months. [JA 71]