**Ronnie COLE, Petitioner,**

v.

**Robert KUHLMANN, Superintendent of Sullivan Correctional Facility, Respondent.**

**No. 97 CIV. 3029 (JSR)(HAP).**

United States District Court, S.D. New York.

May 28, 1998.

---

Ronnie Cole, Auburn, NY, pro se.

Robert F. Petrone, Asst. Dist. Atty., Bronx D.A.'s Office, Bronx, NY, for Respondent.

### MEMORANDUM ORDER

RAKOFF, District Judge.

On April 13, 1997, petitioner, acting *pro se*, filed the instant petition, pursuant to 28 U.S.C. § 2254, seeking to vacate his convictions of two counts of robbery in the first degree and one count of criminal possession of stolen property in the third degree. Respondent moved to dismiss the petition as time-barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). On December 22, 1997, the Honorable Henry Pitman, United States Magistrate Judge, issued a Report and Recommendation, recommending that respondent's motion be denied. On January 12, 1998, respondent filed Objections to the Report and Recommendation. For the reasons discussed below, the Court sustains respondent's objections and grants respondent's motion to dismiss the petition.

The AEDPA, which took effect on April 24, 1996, provides a one year statute of limitations for habeas corpus petitions, commencing from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review" or from certain other dates not here applicable. 28 U.S.C. § 2244(d)(1). If the AEDPA were retroactive, the instant petition would clearly be barred by this limitation, regardless of whether the date on which the one-year period would have begun in petitioner's case were, as the Magistrate Judge found, August 23, 1994, or, as respondent argues, May 25, 1994. However, the AEDPA's limitations period does not apply retroactively. *Reyes v. Keane*, 90 F.3d 676 (2d Cir.1996). Instead, the Court of Appeals held in *Peterson v. Demskie*, 107 F.3d 92, 93 (2d Cir.1997) that a prisoner whose one-year filing date terminated prior to the effective date of the AEDPA should be given a "reasonable time" after the effective date to file his petition.

Here, petitioner waited until April 13, 1997—354 days after the effective date of the AEDPA—to file his petition, a patently unreasonable period of delay unless there is further justification for the delay. *See Rashid v. Khulmann*, 991 F.Supp. 254, 257–58 (S.D.N.Y.1998)(citing cases). Petitioner's justification is that on June 11, 1996 he applied for similar collateral relief in the state court and this relief was not denied until January 31, 1997.

The Magistrate Judge apparently believed that this intervening time should be excluded from the 354–day period by virtue of the provision of the AEDPA that excludes from the calculation of the one-year statute of limitations any "time during which a properly filed application for State post-conviction or other collateral review...is pending." 28 U.S.C. § 2244(d)(2). If this were the Magistrate Judge's view, it was erroneous. Because this case is governed, not by the AED-

PA but by *Peterson*, the tolling provisions applicable to the one-year statute of limitations are no more binding than the one-year statute itself. *See Brown v. Kelly*, 97 Civ. 3861(JES)(SEG)(S.D.N.Y., Report and Recommendation, December 31, 1997).

There is, however, support for the proposition that even under *Peterson* the period when a state collateral attack is *sub judice* should be subtracted in determining whether or not any delay in filing the federal petition is "reasonable," on the ground that, pursuant to 28 U.S.C. § 2244(b), a petitioner is first required to exhaust his state collateral remedies before seeking federal relief. *See Newton v. Strack*, 1997 WL 752348 (E.D.N.Y. Oct.15, 1997); *Batts v. Artuz*, 1997 WL 642322 (E.D.N.Y. Sept.5, 1997). But while this may constitute a justification of sorts for delaying the filing of a federal petition, it renders such delay reasonable only if the delay in seeking the state collateral relief was not itself unreasonable. Here, the opportunity for direct review (state and federal) of petitioner's conviction expired, at latest, on August 23, 1994. For almost two years thereafter, petitioner sought neither state nor federal collateral relief—even though his subsequent collateral claims, both state and federal, are grounded entirely on matters arising at his original trial in 1990 and do not invoke any subsequent changes of law. Only in June, 1996, did he decide to bring his first application for collateral relief. In such circumstances, it would be unreasonable to permit petitioner to take advantage of his inordinate delay in seeking state collateral relief to excuse his otherwise unreasonable delay in seeking federal collateral relief.

Accordingly, respondent's objection is sustained and his motion to dismiss the petition as untimely is granted. Clerk to enter judgment.

SO ORDERED.