**Jose DIAZ, Petitioner,**

v.

**Dominic MANTELLO, Superintendent, of Coxsackie Correctional Facility, Respondent.**

**No. 98 Civ. 3521 JES.**

United States District Court, S.D. New York.

April 29, 1999.

Jose Diaz, Coxsackie, NY, petitioner pro se.

Robert Johnson, District Attorney–Bronx County, Bronx, New York, Jennifer Correale, Assistant District Attorney, of counsel, for respondent.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

The respondent moves to dismiss the instant petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 on the ground that petitioner failed to comply

with the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. For the reasons stated below, the respondent's motion is denied.

## BACKGROUND

On November 29, 1991, petitioner *pro se,* Jose Diaz ("Diaz"), upon his guilty plea, was convicted of second degree murder and assault for the shooting deaths of two people in a Bronx grocery store. On the same day, Diaz also pled guilty to attempting to promote contraband in prison. He was sentenced to an indeterminate prison term of fifteen years to life on the murder count, a definite term of one year on the assault count, and a definite term of six months on the prison contraband count, all to run consecutively. On December 20, 1991, Diaz filed, but never perfected, an appeal to the Appellate Division. On June 27, 1996, he then moved to collaterally attack his conviction in state court. The motion was denied by opinion dated March 27, 1997, and on the same day, Diaz filed a timely notice of appeal with the Appellate Division. Permission to appeal the denial of his collateral attack was denied on July 17, 1997.

Diaz signed the instant petition on March 3, 1998, and it was received by the Pro Se Office on March 20, 1998. By Order dated June 1, 1998, the Court referred the petition to Magistrate Judge Katz for a Report and Recommendation (the "Report"). On June 17, 1998, the respondent moved to dismiss the petition as barred by the statute of limitations On March 1, 1999, Judge Katz issued his Report, recommending that the respondent's motion to dismiss be denied. The respondent filed objections to the Report on March 5, 1999. In light of the objections raised by the respondent, the Court will review the relevant portions of the Report de novo. *See* 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure 72(b).

## DISCUSSION

The respondent argues that the petition should be dismissed because it is untimely under the AEDPA since it was filed over six years after the conclusion of the Diaz's direct appeal to the state courts, and almost two years after the effective date of the AEDPA. The respondent further contends that the Diaz's collateral attack in the state courts should not toll the one-year "grace period" announced by the Second Circuit in *Ross v. Artuz,* 150 F.3d 97, 103 (2d Cir.1998), because the tolling provision of the AEDPA, by its very terms, applies only to the statutory limitations period, and not to the grace period announced in *Ross.* Finally, respondent argues that even if the Court were to hold that the tolling provision in the AEDPA does apply to the *Ross* grace period, the Court should decline to toll the time period in the instant case because Diaz's state collateral attack was procedurally defective.

The AEDPA was enacted on April 24, 1996. It amended 28 U.S.C. § 2244 to require that habeas petitions filed pursuant to 28 U.S.C. § 2254 be brought no later than one year after the completion of direct state court review or the expiration of time to seek such review. *See* 28 U.S.C. 2244(d)(1)(A). The Second Circuit, recognizing that this change effectively barred federal review of state court convictions that became final more than one year prior to the effective date of the AEDPA, created a one-year grace period from the enactment of the AEDPA in which such petitions would be deemed timely filed. *Ross,* 150 F.3d at 103.

In the instant case, Diaz's conviction became final over six years prior to the enactment of the AEDPA. Thus, his petition falls within the *Ross* grace period, and to be timely, it must have been filed by April 24, 1997. Since Diaz filed the instant petition on March 20, 1998, the respondent argues that it is time-barred. Judge Katz recommends that the Court give Diaz the benefit of the AEDPA's toll-

ing provision for the time Diaz spent prosecuting his state collateral attack, thus making the petition timely. In response, the respondent contends that the AEDPA's tolling provision, that provides for a toll during a state collateral attack, only applies toward a "period of limitations under *this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Since the judicially-created grace period announced by the Second Circuit in *Ross* does not fall "under this subsection," the argument goes that no toll should apply.

Although the Second Circuit has yet to decide the issue, at least three judges in this district have held that the tolling provision of the AEDPA does apply to the *Ross* grace period. *See Brooks v. Artuz,* No. 98 Civ. 4449, 1999 WL 138926 at *2–3 (S.D.N.Y. March 15, 1999) (Chin. J.); *Duncan v. Griener,* No. 97 Civ. 8754, 1999 WL 20890 at *3 (S.D.N.Y. Jan. 19, 1999) (Koeltl, J.); *Joyner v. Vacco,* No. 97 Civ. 7047, 1998 WL 633664 at * 3 (S.D.N.Y. Sept. 15, 1998) (Cote, J.); *but see Cole v. Kuhlmann,* 5 F.Supp.2d 212, 213–214 (S.D.N.Y.1998) (Rakoff, J.) (holding that the AEDPA's tolling provision does not apply to convictions that became final before the effective date of the AEDPA). Moreover, the Courts of Appeals that have considered the question have reached the same result. *See Gendron v. United States,* 154 F.3d 672, 675 & n. 3 (7th Cir.1998) (per curiam); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir.1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148–49 (3d Cir.1998); *Fields v. Johnson,* 159 F.3d 914 (5th Cir.1998).

Given the weight of the aforementioned authority, the Court concludes that the tolling provision of section 28 U.S.C. § 2244(d)(2) of the AEDPA applies to those petitions covered by the one-year grace period announced in *Ross*. Accordingly, the only question left for the Court to consider is whether Diaz's collateral attack in the state courts was "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) such that it served to toll the one-year period in which he had to file the instant petition.[1]

Judge Katz, noting that most courts to consider the "properly filed" language of § 2244 have concluded that the state collateral attack must do no more than comply with state's procedural filing requirements, *see Joyner,* 1998 WL 633664 at *2–3 (citing cases), recommends that the Court find that Diaz's collateral attack in the state court was properly filed and served to toll the one-year statute of limitations. The Court agrees. Apparently satisfied that Diaz's collateral attack met the applicable procedural filing requirements, the state court that passed upon Diaz's application issued an opinion rejecting Diaz's contentions on the merits without commenting on respondent's position that Diaz's application was procedurally defective. In the absence of any indication that Diaz's state collateral attack was denied as procedurally defective, the Court must conclude that it met the applicable procedural filing requirements, and thus served to toll the statute of limitations. *See Figueroa v. Kelly,* No. 97 Civ. 3394, 1997 WL 833448 *4 (E.D.N.Y. Dec. 19, 1997) (Raggi, J.) (denying respondent's motion to dismiss on the ground that petitioner failed to comply with state procedural requirements because "[t]he state court did not dismiss Figueroa's § 440 motion for any such procedural deficiency.").

Because the Court finds that Diaz's collateral attack did serve to toll the statute of limitations in the instant action, and therefore his petition was timely filed, the Court denies respondent's *motion to dismiss.*

## CONCLUSION

The Report and Recommendation of March 1, 1999 is adopted. The respon-

---

1. 28 U.S.C. § 2244(d)(2) provides for a tolling of the limitations period during "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending...."

dent's motion to dismiss is denied. The respondents shall serve and file their Answer to the petition by May 24, 1999. This action is referred to Magistrate Judge Katz for a Report and Recommendation on the merits.

It is **SO ORDERED.**