Richard BROOKS, Petitioner,

v.

Charles GREINER, Superintendent
of Sing Sing Correctional
Facility, Respondent.

No. 97 Civ. 6997(JES).

United States District Court,
S.D. New York.

May 6, 1999.

Richard Brooks, Ossining, NY, pro se.

Robert M. Morgenthau, District Attorney, New York County, New York City, for respondent, Michael S. Morgan, Assistant District Attorney, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner in the above-captioned action has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition as time-barred under the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court, having referred this action to Magistrate Judge Kevin Nathaniel Fox for a Report and Recommendation, adopts Magistrate Judge Fox's Amended Report and Recommendation, dated July 10, 1998, that respondent's motion be denied for the reasons set forth therein and further set forth below.

### BACKGROUND

As set forth in the Amended Report and Recommendation, petitioner was convicted on December 18, 1992, of murder in the second degree following a trial by jury in the New York State Supreme Court, New York County. On December 20, 1994, petitioner's conviction was affirmed by the Appellate Division, First Department. The New York Court of Appeals denied petitioner leave to appeal on January 31, 1995.

Thereafter, petitioner commenced proceedings in the New York courts for post-conviction relief. First, on June 18, 1996, Brooks moved to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10(1)(d). On September 19, 1996, this motion was denied by the Supreme Court, New York County, and leave to appeal was denied by the Appellate Division, First Department, on December 10, 1996. Next, Brooks filed an application for a writ of error *coram nobis* with the Appellate Division, First Department, on January 13, 1997. This application was denied on July 10, 1997.

▮ Petitioner then commenced the instant action by mailing a petition for a writ of habeas corpus to the Pro Se Office of

this Court on or about July 28, 1997.[1] Respondent moved to dismiss the petition as untimely, and Magistrate Judge Fox, by a Report and Recommendation dated March 16, 1998, recommended that respondent's motion be denied upon the ground that the petition had been filed within a "reasonable time" after the enactment of AEDPA under *Peterson v. Demskie*, 107 F.3d 92 (2d Cir.1997). Thereafter, the United States Court of Appeals for the Second Circuit decided *Ross v. Artuz*, 150 F.3d 97 (2d Cir.1998), in which the court rejected the "reasonable time" standard enunciated in *Peterson* and upon which Magistrate Judge Fox had relied. This Court therefore referred the motion to Magistrate Judge Fox for reconsideration in light of *Ross*. Magistrate Judge Fox then issued the instant Amended Report and Recommendation, dated July 10, 1998, recommending that the motion to dismiss be denied. Respondent having raised objections to the Amended Report and Recommendation, the Court reviews the relevant portions of the Report *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure 72(b).

## DISCUSSION

The AEDPA was enacted on April 24, 1996. It amends, *inter alia*, 28 U.S.C. § 2244 to require that habeas petitions filed pursuant to 28 U.S.C. § 2254 be brought within one year after the completion of direct state court review or the expiration of time to seek such review. *See* 28 U.S.C. § 2244(d)(1)(A). The Second Circuit, recognizing that the AEDPA effectively barred federal court review of state court convictions that became final more than one year prior to the effective date of the AEDPA, has allowed petitioners a one-year period from the enactment of the AEDPA during which such petitions would be deemed timely filed without regard to the statute of limitations under the AEDPA. *See Ross*, 150 F.3d at 103.

The AEDPA also includes a tolling provision, under which the AEDPA's one-year statute of limitations is tolled by the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). As noted above, petitioner brought two separate proceedings in state court for collateral review of his conviction, and petitioner argues that the statute of limitations should be tolled for the time that these motions were pending. However, as respondent correctly argues, even if this Court allowed petitioner the full benefit of the tolling provision, the AEDPA's statute of limitations still would have run prior to his commencement of this action. Furthermore, because petitioner brought this action more than one year after the enactment of the AEDPA, his petition also falls outside the one-year period established by *Ross* and is untimely even if plaintiff is afforded the benefit of the extra year conferred by *Ross*.

■ Petitioner's claim survives only if this Court tolls the running of the *Ross* one-year period during the pendency of petitioner's proceedings in state court for collateral review, in effect applying the tolling provision of the AEDPA to the judge-made limitations period announced in *Ross*. Although the Second Circuit has yet to decide the issue, at least three judges in this district have held that the tolling provision of the AEDPA does apply to the *Ross* one-year period. *See Brooks v. Artuz*, No. 98 Civ. 4449,1999 WL 138926, at *2–3 (S.D.N.Y. March 15, 1999) (Chin, J.); *Duncan v. Griener*, No. 97. Civ. 8754, 1999 WL 20890 at *3 (S.D.N.Y. Jan.19, 1999) (Koetl, J.); *Joyner v. Vacco*, No. 97 Civ. 7047, 1998 WL 633664 at * 3 (S.D.N.Y. Sept.15, 1998) (Cote, J.); *but see*

1. Where, as here, a prisoner proceeds *pro se,* the Court deems the prisoner as having filed a court document on the date that he delivered it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). As the instant petition is dated July 28, 1997, the Court will treat that date as the date of filing in the absence of any evidence that petitioner actually delivered the petition to prison officials on a later date.

*Cole v. Kuhlmann,* 5 F.Supp.2d 212, 213–214 (S.D.N.Y.1998) (Rakoff, J.) (holding that the AEDPA's tolling provision is inapplicable under *Peterson v. Demskie* where petitioner's conviction became final prior to the effective date of the AEDPA). Moreover, the circuit courts that have considered the question have reached the same result. *See Gendron v. United States,* 154 F.3d 672, 675 & n. 3 (7th Cir.1998) (per curiam); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir.1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148–49 (3d Cir.1998); *Fields v. Johnson,* 159 F.3d 914 (5th Cir.1998).

Although Judge Rakoff's reasoning in *Cole v. Kuhlmann,* 5 F.Supp.2d 212, 213–214 (S.D.N.Y.1998), that the AEDPA's tolling provision should be applied to toll only the AEDPA's statute of limitations is persuasive, the weight of the recent case authorities supports the opposite conclusion. Therefore, the Court finds that petitioner's post-conviction motions in state court tolled the running of the *Ross* period and that the instant petition was timely filed.

### CONCLUSION

For the foregoing reasons, the Court adopts the Amended Report and Recommendation of Magistrate Judge Fox denying respondent's motion to dismiss. Respondent shall serve and file his Answer to the petition by June 11, 1999. This action is referred to Magistrate Judge Fox for a Report and Recommendation on the merits.

It is **SO ORDERED.**