USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 97-2051

 TONY B. GASKINS,

 Petitioner,

 v.

 RONALD T. DUVAL,

 Respondent.
 _____________________

 Before

 Selya, Boudin and Stahl,
 Circuit Judges.

 MEMORANDUM AND ORDER
 
 Entered: July 7, 1999 
 
 Petitioner Tony B. Gaskins has filed a request for a
certificate of appealability (COA) from the district court's denial
of his habeas petition as time-barred. Gaskins' COA request
presents two issues: (1) whether there exists a grace period in
which to file a habeas petition, i.e., whether the one year
limitations period, see 28 U.S.C. 2244 (d)(1) (1996), runs from
April 24, 1996, the date of the enactment of the Antiterrorism and
Effective Death Penalty Act of 1996, Pub. L. No. 104-132 (1996)
("AEDPA") and (2) assuming the existence of a grace period, whether
it was tolled during the time in which Gaskins' motion for
collateral review was pending in the state courts, see 28 U.S.C. 
2244(d)(2) (1996).

 By order dated May 7, 1999, we granted a COA. We invited the
respondent to respond to our preliminary conclusion that a remand
may be warranted. We have received that response and now resolve
this appeal.

 As to issue (1), the district court concluded, in Gaskins'
favor, that a one year grace period (running from AEDPA's effective
date) existed in which to file a habeas petition. We have now
joined our sister circuits in holding that, for causes of action
accruing before the effective date of AEDPA (as, for example,
convictions that became final before April 24, 1996), there is a
one year grace period running from that date in which to file a
motion pursuant to 28 U.S.C. 2255. Rogers v. United States, No.
98-2215, slip op. at 9-14 (1st Cir. June 17, 1999). Although the
instant case involves a habeas petition filed by a state prisoner
pursuant to 28 U.S.C. 2254, the reasoning of Rogers supporting
the recognition of this grace period controls here as well. Id.;
see also Libby v. Magnusson, No. 98-1067, slip op. at 7 (1st Cir.
May 24, 1999) (acknowledging, in dicta, that the courts have
generally recognized a one year grace period). We, therefore,
affirm the district court's conclusion on issue (1).

 As to issue (2), the district court concluded that,
notwithstanding the applicability of a one year grace period,
Gaskins' habeas petition was nonetheless untimely because, in the
court's view, the pendency of Gaskins' motion for state collateral
relief was irrelevant to the statute of limitations analysis. We
disagree with the district court as to this issue and vacate its
order denying Gaskins' habeas petition as time-barred and remand to
the district court for consideration of the habeas petition on the
merits.

 The district court may have overlooked 28 U.S.C. 2244(d)(2),
which provides that "[t]he time during which a properly filed
application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall
not be counted toward any period of limitation under this
subsection [setting forth the one year period of limitation]." The
one year period of limitations began running on April 25, 1996, the
day after AEDPA's enactment. It ran for 319 days until March 10,
1997, when Gaskins filed a motion for new trial in the state
superior court. The period of limitations then was suspended
during pendency of that motion. The new trial motion was denied by
the superior court on May 8, 1997. On May 13, 1997, Gaskins timely
moved for leave to appeal that decision to the Supreme Judicial
Court. The SJC denied leave to appeal on June 3, 1997. The
running of the limitations period then resumed for an additional 28
days for a total of 347 days, until July 2, 1997, when Gaskins
filed his habeas petition in federal court. By this calculation,
therefore, Gaskins filed his federal habeas petition within the one
year grace period excluding the period during which his application
for state collateral review was pending. The district court's
conclusion that Gaskins' habeas petition was time-barred is
erroneous.

 Although respondent argues that the tolling provision of 
2244(d)(2) ought not to apply to the one year grace period, every
circuit court that has addressed this issue has applied 
2244(d)(2)'s tolling provision to the one year grace period. See
Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998) (per curiam);
Gendron v. United States, 154 F.3d 672, 675 (7th Cir. 1998) (per
curiam) (resolving consolidated case of state habeas petitioner),
cert. denied, 119 S. Ct. 1758 (1999); Hoggro v. Boone, 150 F.3d at
1226-27; Lovasz v. Vaughn, 134 F.3d 146, 149 (3d Cir. 1998). And,
our own opinion in Libby suggests, albeit in dicta, that we would
apply the tolling provision of 2244(d)(2) to the one year grace
period. See Libby v. Magnusson, slip op. at 11 & n.2. Applying
the tolling provision encourages respect for the principle of
comity and compliance with the requirement that, ordinarily, a
state prisoner must first exhaust his state court remedies before
seeking federal habeas relief. 

 The respondent cites certain district court cases in support
of its position. To the extent that these cases stand for the
proposition that the tolling provision of 2244(d)(2) does not
apply to the one year grace period, we do not find them persuasive.
Moreover, these cases appear to be questionable authority in light
of later circuit court decisions. And, the recent trend, even
among district courts, is to apply the tolling provision of 
2244(d)(2) to the one year grace period. See, e.g., Diaz v.
Mantello, ___ F.Supp.2d ___, 1999 WL 258485 (S.D.N.Y. Apr. 29,
1999) (collecting cases); see also Hudson v. Jones, 35 F.Supp.2d
986, 988-89 (E.D.Mich. 1999); Healy v. DiPaolo, 981 F.Supp. 705,
706-08 (D.Mass. 1997).

 Accordingly, the district court order of July 28, 1997 is
vacated and the matter is remanded to the district court for
further proceedings consistent with this decision.

 It is so ordered.

 By the Court:
 PHOEBE MORSE, 
 Clerk.

 [cc: Mr. Gaskins, Mr. Duensing & Ms Neaves]