**Ex parte Nicolas PALOMO.**

**No. 70490.**

Court of Criminal Appeals of Texas,
En Banc.

Oct. 26, 1988.

**672**

Kay Douglas, Huntsville, for appellant.

Rene Guerra, Dist. Atty. and Theodore C. Hake, Asst. Dist. Atty., Edinburg, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPLICANT'S MOTION FOR REHEARING

TEAGUE, Judge.

This is a post conviction application for writ of habeas corpus filed pursuant to the provisions of Article 11.07, V.A.C.C.P.

The record reflects that on January 27, 1986, following his plea of guilty, applicant was convicted in a trial before the court of the offense of murder. Punishment was assessed at 15 years. The judgment reflects the offense was committed on September 10, 1985. No appeal was taken from this conviction.

On original submission, applicant maintained that because the date of his offense was between August 29, 1983, and February 20, 1987, (the effective date of the original Prison Management Act[1] and later revisions)[2] he was being denied considera-tion for the grant of good time credits from the Department of Corrections pursuant to the Prison Management Act (hereinafter the PMA), V.A.T.S., Article 6184o. Applicant urged he was eligible for consideration for the time credits under the original act but not under the 1987 amendments to the act.

In *Ex parte Rutledge*, 741 S.W.2d 460 (Tex.Cr.App.1987), this Court held that the list of ineligible offenses contained in the 1987 amendments to the PMA may not be applied retroactively to one who committed his or her offense prior to the effective date of those amendments. The decision to grant time credits must be made within the framework of the PMA and the decision to release an inmate on parole, even though eligible, remains within the sound discretion of the Texas Board of Pardons and Paroles. *Ex parte Ruiz*, 750 S.W.2d 217 (Tex.Cr.App.1988).

In an unpublished per curiam opinion delivered September 14, 1988, this Court granted applicant habeas corpus relief. Such relief was granted to the extent that the Department of Corrections must consider applicant for the grant of additional good time credits pursuant to the PMA.

In his motion for rehearing, applicant maintains he is entitled to relief beyond that contained within this Court's opinion of September 14, 1988. Applicant states the Department of Corrections has awarded him 475 days in administrative good conduct time credit under the PMA. Applicant urges he is entitled to a total of 660 days administrative good conduct time credit and therefore seeks to have this Court grant additional habeas corpus relief to the extent he is awarded an additional 185 days administrative good conduct time credit.

The PMA became effective on August 29, 1983. As originally enacted, Section 2(b) provided;

---

1. Article 6184o (Vernon's Supp.1983); Section 1, Ch. 233, Acts of the 68th Legislature, Regular Session, 1983, eff. August 29, 1983.

2. Sections 1, 2 and 3, Ch. 8, Acts of the 69th Legislature, Third Called Session, 1986, eff. September 30, 1986. Article 6184o (Vernon's Supp. 1987); Sections 1–14, Ch. 1, Acts of the 70th Legislature, Regular Session, 1987, eff. (February 20, 1987).

"If the inmate population of the Department reaches 95% or more of capacity, the Director shall immediately notify the Governor in writing of that fact and credit 30 days of administrative good conduct time to any inmate who: (1) *is classified as a trustee or a class one inmate by the Department;* and (2) is not serving a sentence for an offense listed in subdivision one, subsection (a), 3f, Article 42.12, Code of Criminal Procedure, 1965, or whose judgment does not contain an affirmative finding under subdivision (2)(a), Section 3f of that Article." (Emphasis added).

Records before this Court reflect the inmate population of the Department reached 95% or more capacity on 22 occasions in 1987. Applicant's assertion of entitlement to a total of 660 days in administrative good conduct time credit is therefore based on 30 days credit for each of the 22 occasions.

Eligibility for the grant of administrative good conduct time credit under the original PMA is dependent not only upon the nature of the offense and the absence of an affirmative finding but also on an inmate's classification by the Department of Corrections. This Court's opinions in *Ex parte Rutledge*, supra, and *Ex parte Ruiz*, supra, address the subject of eligibility for the grant of administrative good conduct time credit on the basis of an inmate's particular offense and the absence of an affirmative finding. This Court has not addressed the subject of eligibility on the basis of an inmate's particular classification by the Department.

The subjects of inmate classification and good conduct time credit are contained within Article 6181-1, V.A.T.S. Section 2(a), provides for inmate classification in the following manner:

"The Department shall classify all inmates as soon as practicable upon their arrival at the Department and ... shall reclassify inmates as circumstances may warrant. All inmates shall be classified according to their conduct, obedience, industry, and prior criminal record. The director shall maintain a record on each inmate showing all classifications and reclassifications with dates and reasons therefore."

The subject of good conduct time is contained within Article 6181-1, Section 4, supra. That statute provides in part:

"Good conduct time is a privilege and not a right. *The classification of an inmate notwithstanding, the Director may grant good conduct time to an inmate only if the Director finds that the inmate is actively engaged in an agricultural, vocational, or educational endeavor or an industrial program or other work program,* unless the Director finds that the inmate is not capable of participating in such an endeavor. If during the actual term of imprisonment in the Department, an inmate commits an offense or violates a rule of the Department, all or any part of his accrued good conduct time may be forfeited by the Director. The Director may, however, in his discretion, restore good conduct time forfeited under such circumstances subject to rules and policies to be promulgated by the Department." (Emphasis added).

■ This Court has previously recognized that the forerunner to Article 6181-1, supra,[3] provided the exclusive statutory provision for the awarding of commutation time credits for good conduct to those persons committed to the Texas Department of Corrections for felony convictions in this State. *Gardner v. State,* 542 S.W.2d 127 (Tex.Cr.App.1976). Good conduct time credit is not mandatory, but rather is a privilege which may be forfeited, either by violating Department rules while in custody or by violating the guidelines of a conditional release program. *Ex parte Henderson,* 645 S.W.2d 469 (Tex.Cr.App. 1983); *Ex parte Morris,* 626 S.W.2d 754 (Tex.Cr.App.1982).

**3.** Article 6184, V.A.T.S. Repealed by Acts 1977, 65th Legislature, p. 933, Ch. 347, Sec. 6, effective August 29, 1977.

■ This Court has previously refused to consider matters such as loss of good time credit, disciplinary proceedings and inmate classification by way of a writ of habeas corpus. See *Ex parte Brager,* 704 S.W.2d 46 (Tex.Cr.App.1986). The Department of Corrections provides procedures by which inmates may seek formal review of complaints relating to the terms and conditions of their imprisonment. Tex.Dept. of Corr. 37 TEX.ADMIN.CODE, Sections 61.-101–61.106. Such review procedures extend to matters involving inmate classification, disciplinary proceedings and the award of good time credit within the Department of Corrections.

We recognize that the award or denial of good time is within the discretion of the Director of the Texas Department of Corrections. In matters involving the refusal to award good time credit based on inmate classification or disciplinary procedures, we will assume that whatever determination the Director makes, he will make in accordance with his authority as set out in Article 6181–1, supra, as well as in accordance with due process and due course of law. See *Ex parte Morris,* supra.

To the extent applicant seeks additional habeas corpus relief in the form of 185 days in administrative good conduct time, the relief sought is denied. The decision to grant additional time credits based on an inmate's classification within the Department of Corrections must be made within the framework of the PMA and in the exercise of the Director's discretion as set out within Articles 6181–1 and 6184*o,* supra.

Applicant's motion for rehearing is denied.

ONION, P.J., concurs in the result.

McCORMICK, J., not participating in the result.