IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-232-CR




DOMINGO VALDEZ MARTINEZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 9481, HONORABLE JOE E. KELLY, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of possessing four hundred grams or more of
methamphetamine with intent to deliver and assessed punishment at imprisonment for seventy-five
years and a $125,000 fine. Texas Controlled Substances Act, 68th Leg., R.S., ch. 425, § 6, 1983
Tex. Gen. Laws 2361, 2373 (Tex. Rev. Civ. Stat. Ann. art. 4476-15, § 4.03, since repealed and
codified at Tex. Health & Safety Code Ann. § 481.112 (West 1992)). On appeal, this Court
reversed the judgment and remanded the cause for a new trial on punishment only. Martinez v.
State, No. 3-86-242-CR (Tex. App.--Austin 1988, pet. ref'd) (not designated for publication); see
Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 1993). On remand, a new jury was
empaneled which, after hearing evidence, assessed punishment at imprisonment for ninety-nine
years and a $250,000 fine.

 Article 44.29(b) provides that when an appellate court awards a defendant a new
trial on the basis of error at the punishment stage, the new trial shall be limited to punishment
only. In his first point of error, appellant notes that the crime for which he was convicted was
committed before article 44.29(b) was enacted and argues that its application to him violates the
constitutional guarantees against ex post facto or retroactive legislation. U.S. Const. art. I, § 9,
cl. 3; Tex. Const. art. I, § 16. This argument has been presented to and rejected by the Court of
Criminal Appeals. Grimes v. State, 807 S.W.2d 582 (Tex. Crim. App. 1991). Appellant also
asserts that the application of article 44.29(b) in this cause denied him due process and equal
protection of law, but offers no argument or authority in support of this contention. The first
point of error is overruled.

 By his second point of error, appellant complains that he was not awarded all the
time credit to which he is entitled. See Tex. Code Crim. Proc. Ann. art. 42.03, § 2 (West Supp.
1993), § 3 (West 1979). The judgment contains a time credit of 195 days. The State concedes
in its brief that appellant is entitled to additional credit for time served. We will sustain this point
of error and reform the judgment to reflect the amount of time credit supported by the record
before us.

 The original judgment of conviction in this cause, dated June 16, 1986, contained
a time credit of 73 days. Appellant was not eligible for bail pending appeal and he remained
incarcerated until July 17, 1989, when he was released on bail following this Court's original
judgment. See Tex. Code Crim. Proc. Ann. art. 44.04(b), (h) (West Supp. 1993). Thus, as of
July 17, 1989, appellant had accrued 1200 days of time credit in this cause. Appellant contends
that he is entitled to additional credit for time he later spent in federal prison subject to a detainer
from Caldwell County. See Ex parte Williams, 551 S.W.2d 416 (Tex. Crim. App. 1977). The
record, however, is silent as to appellant's custody status from July 17, 1989, until September 3,
1991. On that date, this docket entry was made: "Pass--Defendant in Levenworth, KA--reset." 
From this, it can be inferred that as of September 3, 1991, appellant was in federal prison and
subject to a detainer from Caldwell County. It is also reasonable to infer that appellant was taken
into actual custody in this cause upon his release from federal prison. This entitles appellant to
another 203 days of time credit through the date of the new judgment, March 24, 1992. 

 Finally, appellant argues that he is entitled to consideration for good-time credit. 
While it is true that appellant is entitled to such consideration, the actual award of good-time
credit is within the discretion of the director of the Department of Criminal Justice, Institutional
Division. Ex parte Palomo, 759 S.W.2d 671 (Tex. Crim. App. 1988); Tex. Gov't Code Ann.
§ 498.003 (West Supp. 1993). 

 The judgment of the district court is reformed to reflect a time credit of 1403 days. 
As reformed, the judgment is affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Reformed and, as Reformed, Affirmed

Filed: February 10, 1993

[Do Not Publish]