**Felipe SILVESTRE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 99 Civ. 1247(JES).

United States District Court, S.D. New York.

June 30, 1999.

Felipe Silvestre, Minersville, PA, pro se.

Mary Jo White, United States Attorney, New York City, Andrew B. Lachow, Assistant United States Attorney, of counsel, for U.S.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

The respondent moves to dismiss the instant petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2255, or alternatively, 28 U.S.C. § 2241, on the grounds that petitioner failed to comply with the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, and because relief under § 2241 is unavailable. For the reasons stated below, respondent's motion is granted.

### BACKGROUND

Petitioner *pro se*, Felipe Silvestre ("Silvestre") was charged in a one count Indictment with conspiring to distribute and possess with the intent to distribute crack cocaine and heroin in violation of 21 U.S.C. § 846. On October 25, 1993, after a jury

trial before the Honorable Samuel Conti, United States District Judge for the Northern District of California, sitting by designation, Silvestre was convicted. Judge Conti sentenced Silvestre to a term of 262 months incarceration, to be followed by a term of supervised release of five years, and a mandatory fifty-dollar special assessment. Silvestre appealed to the United St

Silvestre signed the instant petition on January 4, 1999, and it was received by the Pro Se Office on January 8, 1999. Silvestre raises the following claims: that he was denied the right to testify on his own behalf; that he was forced to appear in prison garb at trial; that the trial judge erred in charging the jury at the close of evidence rather than after summation; that a government witness improperly was promised leniency in exchange for his testimony against Silvestre; that the evidence was obtained by unlawful search and seizure; that there was insufficient evidence on which to sustain a conviction; that he was denied effective assistance of counsel at trial and on appeal; that his defense counsel had conflicts of interest; that the District Court erred in enhancing his sentence based on his possession of a dangerous weapon; and that the District Court improperly calculated his sentence using crack cocaine rather than powder cocaine.

On April 16, 1999, the respondent moved to dismiss the petition as time-barred. In response to the motion to dismiss, Silvestre argues that his failure to file the petition in a timely manner should be excused because of difficulties with English and his inability to find a person to assist him in preparing the petition.

## DISCUSSION

The respondent argues that the petition is untimely under the AEDPA since it was filed almost five years after the conclusion of Silvestre's appeal to the Second Circuit, and almost three years after the effective

date of the AEDPA. Respondent correctly notes that because Silvestre's conviction became final prior to the enactment of the AEDPA, Silvestre had one year from the statute's effective date, until April 24, 1997, to file a petition pursuant to § 2255. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir.1998); *Mickens v. United States*, 148 F.3d 145, 148 (2d Cir.1998). Therefore, respondent argues that since Silvestre's petition was filed long after April 24, 1997, it should be dismissed as time-barred. The respondent further asserts that Silvestre's petition for habeas relief under § 2241 is misplaced because there is no change in the case law that would render his conduct non-criminal, and because the level of proof presented at trial was so overwhelming that Silvestre is unable to prove his actual innocence. *See Triestman v. United States*, 124 F.3d 361, 363 (2d Cir.1997) (holding that a federal prisoner who was actually innocent, but who could not have effectively raised his claim of innocence before he was procedurally barred from collateral relief, could bring a habeas petition pursuant to § 2241).

### I

The AEDPA was enacted on April 24, 1996. It amended 28 U.S.C. § 2255 to require that habeas petitions filed pursuant to that provision be brought no later than one year after the date on which the judgment of the conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The Second Circuit, recognizing that this change effectively barred review of convictions that became final more than one year prior to the effective date of the AEDPA, created a one-year "grace period" from the enactment of the AEDPA in which § 2255 petitions would be deemed timely filed. *See Ross*, 150 F.3d at 103.

■ In the instant case, Silvestre's conviction became final almost three years prior to the enactment of the AEDPA.[1] Thus, the instant petition falls within the

---

1. Silvestre's conviction became final after the Second Circuit affirmed his conviction on

July 5, 1994, and he did not file a petition to

*Ross* grace period, and to be timely, must have been filed by April 24, 1997. Because Silvestre filed the instant petition on January 4, 1999, long after the deadline announced in *Ross,* the Court must conclude that his petition is time-barred.

Silvestre contends that the petition is not time-barred because his difficulties with English and his inability to find a person to assist him in preparing the petition constitute excusable neglect. Recognizing that the "reasonable time" formulation in *Peterson v. Demskie,* 107 F.3d 92 (2d Cir.1997), was not sufficiently clear, the Second Circuit created the *Ross* one-year grace period to ensure uniform application. *See Ross,* 150 F.3d at 102–03. Therefore, because granting an extension of time based on petitioner's "excusable neglect" would be wholly inconsistent with the established one-year period set forth in *Ross,* the Court declines to do so.

In any case, the Court finds that petitioner's contentions regarding excusable neglect are without merit. First, there is no absolute right to assistance of counsel in the preparation of a habeas petition. *See McCleskey v. Zant,* 499 U.S. 467, 495, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Second, difficulty with English is not coterminous with an inability to understand English. *See Roccisano v. United States,* 936 F.Supp. 96, 100 (S.D.N.Y.1996). Moreover, the fact that petitioner wrote and signed three letters in English, which he submitted to the Court during the course of his trial, belies any claim that his difficulties with English prevented him from filing his petition in a timely manner. *See* Petition Ex. B–D.

## II

Silvestre also argues that, even if his petition is time-barred, he is entitled to habeas relief under 28 U.S.C. § 2241 because of his "actual innocence." *See Triestman,* 124 F.3d at 363. Typically, a question of actual innocence arises when, as in *Triestman,* a denial of collateral relief would require a prisoner to serve a sentence for acts that subsequently have been ruled not to constitute criminal conduct. *See Underwood v. United States,* 166 F.3d 84 (2d Cir.1999). The prisoner in *Triestman* was entitled to seek relief under § 2241 to vacate his conviction of carrying a firearm in connection with a drug trafficking offense because the Supreme Court subsequently held in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), that a defendant cannot be convicted under 18 U.S.C. § 924(c) unless a firearm is actively employed. *See Triestman,* 124 F.3d at 364.

Silvestre's reliance on *Bailey* in the instant petition is misplaced. The *Bailey* Court addressed the statutory interpretation of "using" a firearm in the commission of a felony. In contrast, Silvestre's sentence was *enhanced* pursuant to the Sentencing Guidelines for possession of a firearm. Therefore, *Bailey* does not entitle petitioner to relief under § 2241.

In addition, respondent argues that Silvestre could not Establish his "actual innocence" given the overwhelming level of proof presented by the government. *See Forbes v. United States,* 1999 WL 32905, *2 (S.D.N.Y.Jan.20,1999)(Restani,J.). The Court agrees, and concludes that petitioner's claim of "actual innocence" is unavailing.

## CONCLUSION

Because the Court finds that Silvestre's petition was not timely filed, the Court denies petitioner's motion to vacate his conviction. As petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253, as amended by the AEDPA. The Clerk of the Court is directed to close the above-captioned action.

It is **SO ORDERED**.

seek review in the United States Supreme Court by writ of certiorari.