*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0334P (6th Cir.)
File Name: 02a0334p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

NELSON COBAS,
　　　　*Petitioner-Appellant,*

　　　　*v.*　　　　　　　　　　No. 02-1292

MARY BURGESS,
　　　　*Respondent-Appellee.*

Filed: September 26, 2002

Before: GUY and BATCHELDER, Circuit Judges;
QUIST, District Judge.

---

### ORDER

---

Petitioner Nelson Cobas, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Cobas has also filed a motion for appointment of counsel to pursue the appeal and a motion for release on bond pending appeal. This case has been referred to a panel of the Court

---

\* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

1

pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a). For the reasons set forth below, petitioner's motions are denied and the district court's order dismissing the habeas petition as untimely is affirmed.

Cobas was convicted of first degree murder in the Oakland County Circuit Court in 1991, and is serving a life sentence. The Michigan Supreme Court denied him leave to appeal on September 13, 1995, *People v. Cobas*, 539 N.W.2d 375 (Mich. 1995), and he did not appeal to the United States Supreme Court. On April 10, 1997, Cobas filed a motion for an evidentiary hearing, which he styled a "motion for Nunc Pro Tunc," in the Oakland County Circuit Court. On September 15, 1997, the Oakland County Circuit Court denied the motion. Instead of appealing the denial of this motion, Cobas instead filed a motion for relief from judgment on May 18, 1999. The trial court denied that motion on June 23, 1999, pursuant to Mich. Ct. R. 6.502(G)(1), which limits a defendant to one post-conviction motion in Michigan. On May 25, 2000, the Michigan Court of Appeals dismissed Cobas's appeal, stating that it lacked jurisdiction to hear an appeal from a second motion for relief from judgment. Cobas's application for leave to appeal was rejected by the Michigan Supreme Court as being untimely filed on August 3, 2000.

On October 3, 2000, Cobas filed his habeas petition.[1] The district court, on a motion for summary judgment, dismissed the habeas petition as untimely pursuant to 28 U.S.C. § 2244(d)(1); the court also granted Cobas a certificate of appealability. This Court reviews a district court's legal conclusions in a habeas proceeding de novo and its findings of fact for clear error. *Ford v. Curtis*, 277 F.3d 806, 808 (6th Cir. 2002). After carefully reviewing the district court's

---

[1]Cobas's petition was deemed filed under the mailbox rule. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882 n.1 (E.D. Mich. 2001).

opinion, the record, and the parties' briefs, we conclude that the district court's order contains no reversible error either in its findings of fact or its conclusions of law. We think it is appropriate, however, to address specifically one issue about which there is little published case law at this time.

Petitioner concedes that his habeas petition is time-barred, but nevertheless argues that the limitations period should be equitably tolled because he was born and raised in Cuba and is unable to understand, read, or write the English language. A court may, in certain circumstances, equitably toll the running of the one-year limitation period found in § 2254(d). *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir.), *cert. denied*, 122 S. Ct. 649 (2001). In determining whether the equitable tolling of a limitations period is appropriate, we look to the five part test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), namely:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008-09.

Courts that have considered the issue have rejected the claim that an inability to understand English provides a reason for a court to toll the § 2254(d) statute of limitations. In *Silvestre v. United States*, 55 F. Supp. 2d 266, 268 (S.D.N.Y. 1999), the district court held that the petitioner in that case, who asserted difficulty with English as an excuse for failing to file his habeas petition in a timely manner, could not prevail on his claim because he had written three letters in English and submitted them to the court during the course of the trial, thereby showing that the language barrier was not impeding his access to the courts. The same court, in a pre-AEDPA case, ruled against a petitioner making claims similar to those in *Silvestre* because the alleged language barrier did

not cause the petitioner prejudice; "[e]ven if Petitioner did not prepare his own petition, he could communicate well enough with the person who did so." *Roccisano v. United States*, 936 F. Supp. 96, 100 (S.D.N.Y. 1996), *aff'd*, 1998 U.S. App. LEXIS 12490 (2d Cir. May 5, 1998).

Although several district courts have addressed whether the statute of limitations in habeas cases ought to be equitably tolled due to a petitioner's inability to communicate in English, *see Tan v. Bennett*, 2001 WL 823869, at *2 & n.2 (S.D.N.Y. July 20, 2001), we have found no published circuit court opinions that address the issue, and therefore we will address it now. We hold that where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

In general, the existence of a translator who can read and write English and who assists a petitioner during his appellate proceedings implies that a petitioner will not have reasonable cause for "remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008. In announcing this rule, we should note that the translator acting on behalf of a non-English speaking petitioner need have no qualification other than the ability to communicate in English. Since a petitioner does not have a right to assistance of counsel on a habeas appeal, *McCleskey v. Zant*, 499 U.S. 467, 495 (1987), and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations, *see Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999); *Williams v. Price*, 2002 U.S. Dist. LEXIS 6489, at *10-11 (E.D. Mich. 2002), we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.

An examination of the record in this case belies any claim that language difficulties prevented Cobas from filing his petition in a timely manner. Cobas had an interpreter for his trial, as verified by an Order for Interpreter signed by Judge Gene Schnelz of the Oakland County Circuit Court. As far back as 1993, Cobas wrote a detailed letter to his appellate attorney in English in which he discussed complex legal issues in detail. Moreover, even after Cobas's direct appeals ended in 1995, Cobas was able to file two separate post-conviction motions in the state courts, as well as the instant habeas petition. Even if Cobas received assistance in drafting the 1993 letter, the post-conviction motions, and the instant habeas petition, he was clearly able to communicate with the person who helped him. In short, Cobas has failed to meet his burden of proof to justify equitable tolling.

Accordingly, the motions for counsel and for release on bond are denied, and the district court's order dismissing Cobas's habeas petition as untimely is affirmed.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green
_____
Clerk