

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-30-2005

# Silvestre v. Yost

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3800

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Silvestre v. Yost" (2005). *2005 Decisions*. Paper 196.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/196

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 05-3800 & 05-4169
_____

FELIPE SILVESTRE,
Appellant

v.

JOHN YOST, WARDEN

_____

Appeals From the United States District Court
For the Western District of Pennsylvania
(D.C. Civil No. 05-cv-00246J)
District Judge:  Honorable Kim R. Gibson

_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
November 3, 2005

BEFORE: RENDELL, AMBRO and GREENBERG, Circuit Judges

(Filed :  November 30, 2005)
_____

OPINION OF THE COURT
_____

PER CURIAM

Felipe Silvestre appeals from the District Court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Because Silvestre's appeal presents no substantial question, we will grant the Government's motion for summary affirmance.

On December 21, 1993, the United States District Court for the Southern District of New York sentenced Silvestre to 262 months in prison following his conviction by a jury for conspiracy to distribute crack cocaine and heroin in violation of 21 U.S.C. § 846. The United States Court of Appeals for the Second Circuit affirmed. United States v. Silvestre, 33 F.3d 49 (2d Cir. 1994). In January 1999, Silvestre filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the Southern District of New York. On June 30, 1999, the sentencing court dismissed Silvestre's motion as untimely. Silvestre v. United States, 55 F. Supp. 2d 266, 266 (S.D.N.Y. 1999).

On November 16, 2001, Silvestre filed his first petition for habeas corpus under 28 U.S.C. § 2241 in the Western District of Pennsylvania challenging his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000). The District Court treated the petition as a motion under § 2255 and transferred it to the Southern District of New York. Silvestre v. Shearin, No. 00-0309 (W.D. Pa. Feb. 28, 2001). The Southern District of New York, in turn, transferred it to the Second Circuit, Silvestre v. Shearin, No. 01-5707 (S.D.N.Y.

---

[1] Silvestre also appeals the District Court's denial of his motion to alter or amend judgment pursuant to Fed. R. Civ. Pro. 59(e), No. 05-4169. The Clerk of the Court has consolidated these two appeals for all purposes.

2

June 29, 2001), which denied Silvestre permission to file a second or successive § 2255 motion. Silvestre v. Shearin, No. 01-3764 (2d Cir. Feb. 24, 2004). On February 25, 2005, Silvestre again asked the court of appeals for permission to file a second or successive § 2255 motion, this time based on the Supreme Court's recent decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005). The court of appeals denied Silvestre permission, finding that the rule in Booker did not apply retroactively to his case. Silvestre v. Shearin, No. 05-0841 (2d Cir. Mar. 23, 2005).

On May 2, 2005, Silvestre filed the current habeas corpus petition under § 2241, raising the same Booker claim. The District Court concluded that Silvestre could not proceed under § 2241 and dismissed his petition as a second or successive § 2255 motion. Silvestre filed a motion to amend or alter the judgment under Fed. R. Civ. P. 59(e), which was denied. He filed timely notices of appeal from both rulings, and the appeals have been consolidated for all purposes.

Generally, a challenge to the validity of a federal conviction or sentence must be brought in a § 2255 motion. See Davis v. United States, 417 U.S. 333, 343 (1974). A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his

3

claims." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because the petitioner was denied relief or is unable to meet the requirements for filing a second or successive motion. Id. at 539.

In Okereke v. United States, 307 F.3d 117, 121 (3d Cir. 2002), we held that § 2255 is not inadequate or ineffective for prisoners seeking to raise Apprendi claims. Similarly, § 2255 is not inadequate or ineffective to raise a claim under Booker or Blakely, each of which is an extension of Apprendi. Silvestre's petition does not fall within the narrow exception of Dorsainvil. Unlike the "unusual circumstances" in Dorsainvil, the Supreme Court's decisions in Booker and Blakely did not decriminalize the conduct for which Silvestre was convicted. See Okereke, 307 F.3d at 250.

In short, upon consideration of Silvestre's petition and "Written Arguments Opposing Summary Action," we conclude that his appeal presents us with no substantial question. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Accordingly, we grant the Government's motion for summary affirmance and will affirm the District Court's order.[2]

---

[2] Silvestre was advised that this Court would consider whether to issue a certificate of appealability. Because this petition is brought under § 2241, no certificate of appealability is required. See 28 U.S.C. § 2253(c)(1)(B); Sugarman v. Pitzer, 170 F.3d 1145, 1146 (D.C. Cir. 1999).