IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,725






EX PARTE RODERICK LAMONT SOPHUS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 836364-A IN THE 174TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
sentenced to five (5) years' imprisonment. 

 Applicant contends that he is being denied credit for time spent released on mandatory
supervision prior to revocation. He also seeks the restoration of pre-release good time credit.

 The trial court has entered a finding that Applicant fails to show that he is being unlawfully
denied time credits against his sentence in the primary case. The record does not support this finding.

 The record reflects that Applicant was released on July 21, 2003, returned to jail on a new
charge on October 20, 2005, and a pre-revocation warrant issued on October 26, 2005. An affidavit
from the Texas Department of Criminal Justice states, inconsistently, that Applicant was charged as
out of custody for a period of 2 years, 2 months, and 29 days, and that Applicant was awarded street
time credits pursuant to HB 1649. The record reflects that following the revocation of supervised
release Applicant's sentence discharge date has been extended by approximately 549 days, or 1 year
and 6 months. Applicant is not a person described by Tex. Gov't Code § 508.149(a), and Applicant
has exhausted this claim as required by Tex. Gov't Code § 501.0081. On the date the revocation
warrant was issued, the "remaining portion" of Applicant's sentence was less than the time spent on
supervised release. See Ex parte Spann, 132 S.W.3d 390, 392 (Tex. Crim. App. 2004). Applicant
is entitled to additional credit against his five-year sentence for the period of supervised release from
July 21, 2003 until October 20, 2005.

 Applicant is not entitled to relief on his claim for pre-release good time credit. See Ex parte
Palomo, 759 S.W.2d 671 (Tex. Crim. App. 1988).

 Relief is granted in cause number 836364. Because Applicant qualifies for street-time credit,
the Texas Department of Criminal Justice-Correctional Institutions Division and Parole Division shall
credit Applicant with his out-of-custody time, from July 21, 2003 until October 20, 2005, within 60
days of the date on which this Court's order is issued.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Parole Division.

Filed: August 22, 2007

Do not publish