ALFONSO QUINTERO, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 639, 2007.
Supreme Court of Delaware.
Submitted: December 26, 2007.
Decided: March 17, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 17th day of March 2008, it appears to the Court that:
(1) On December 10, 2007, the Court received Alfonso Quintero's notice of appeal from a Superior Court order, dated October 30, 2007, which denied his motion for postconviction relief. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before November 29, 2007.
(2) The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing Quintero to show cause why the appeal should not be dismissed as untimely filed.[1] Quintero filed a response to the notice to show cause on December 18, 2007. He contends that he does not speak English and had to wait for someone to translate the Superior Court's order for him before he could file his notice of appeal.
(3) The State has filed a reply to Quintero's response. The State points out that, contrary to Quintero's assertion, the 30-day appeal period is jurisdictional. Because Quintero cannot show that his untimely filing is attributable to court personnel, his appeal must be dismissed.[2] The State argues this result is consistent with federal court cases holding that a prisoner's lack of language proficiency was insufficient to warrant the equitable tolling of the limitations period.[3]
(4) We agree. Time is a jurisdictional requirement.[4] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[5] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[6] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[7]
(5) Given that Quintero pursued his postconviction petition in the Superior Court pro se, we find nothing in the record to substantiate his claim that he required a translator in order to file his notice of appeal. Indeed, his handwritten response to the rule to show cause is articulate and does not reflect that it was prepared by anyone other than Quintero. Quintero's untimely appeal in this case clearly is not attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Del. Supr. Ct. R. 6(a) (ii).
[2] See Bey v. State, 402 A.2d 362, 363 (Del. 1979).
[3] See Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002); Martinez v. Rivera 2007 WL 2274014 (S.D.N.Y. Aug. 2, 2007); Soto v. Birkett, 2006 WL 2850578 (W.D. Mich. Oct. 3, 2006);
[4] Carr v. State, 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829 (1989).
[5] Del. Supr. Ct. R. 10(a).
[6] Carr v. State, 554 A.2d at 779.
[7] Bey v. State, 402 A.2d at 363.