IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-77,969-02




EX PARTE DALE PATRICK BISHOP, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W85-88492-V IN THE 292ND DISTRICT COURT
FROM DALLAS COUNTY




            Per curiam. Keasler, J., not participating.


O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to murder and
sentenced to sixty years’ imprisonment. 
            In this application, Applicant alleges, among other things, that he is being improperly
classified as a sex offender and is being required to participate in a sex offender treatment program
while imprisoned, although he has not been convicted of a sex offense. Applicant alleges that the
erroneous classification is affecting his chances of making parole. 
            The trial court obtained an affidavit from TDCJ, and based on that affidavit recommends that
relief be granted in part, in that Applicant should not be subjected to sex offender conditions while
incarcerated and should not be required to participate in a sex offender treatment program at this
time.
            Although the trial court may be correct that Applicant should not be subjected to sex offender
conditions while incarcerated, this Court has previously refused to consider matters involving
conditions of confinement and inmate classification by way of a writ of habeas corpus. Ex parte
Palomo, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988), citing Ex parte Brager, 704 S.W.2d 46 (Tex.
Crim. App. 1986). In order to be entitled to relief on a writ of habeas corpus, an applicant must 
plead and prove that the error complained of did in fact contribute to his conviction or punishment. 
Ex parte Barber, 879 S.W.2d 889, 891-892 (Tex. Crim. App. 1994). The requirement that Applicant
participate in a sex offender treatment program while incarcerated does not affect his parole
eligibility date, or otherwise contribute to his conviction or the length of his sentence. Because
Applicant’s claims are not properly addressed by way of Article 11.07 habeas corpus, we deny relief.
 
Filed: June 11, 2014
Do not publish