

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-84,210-01

### EX PARTE ROLANDO GOMEZ REYES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS FROM CAMERON COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.**

# O P I N I O N

Almost three years ago, applicant pled guilty to three counts of sexually assaulting his five-year-old step-daughter. He now raises a number of claims, arguing in his fourth claim that he is actually innocent. He says that he pled guilty because the victim's family had kidnapped his son and threatened to kill the son and other members of his family. The trial court recommends denying relief.

As far as I can tell, the only impediment to adopting the trial court's findings and denying relief is that, although applicant's application is written in English, in "Facts Supporting Ground

Four," he attached a statement of his own written in his native language. The person who prepared the writ application explains that applicant did so because applicant cannot express it well in English. There is also mention of deportation in the pleadings, but nothing specific.

I am not entirely persuaded that this Court has the authority to order a trial court to hire a certified interpreter to translate an applicant's statement into English, but even if we could, I would not do so in this case. The trial court is better-positioned than we are to make credibility determinations and the recommendation to deny relief implies a determination that the judge does not believe applicant. The court finds that applicant has failed to attach sufficient evidence to support his allegation of actual innocence, and further, that the application falls short of setting out specific allegations that, if true, would entitle applicant to relief.

Before trial, when a person is presumed innocent, he has the right to an interpreter at trial upon proper request.[1] But once he has been convicted, the burden shifts to him to establish that he is entitled to relief. Our statutes do not provide for interpreters in post-conviction writs of habeas corpus. Furthermore, applicant has not asked that his attached statement be translated.[2]

---

[1] I see nothing in the record to suggest that applicant had an interpreter (or requested one) at his plea hearing.

[2] *See Ramos v. Terry*, 279 Ga. 889, 893, 622 S.E.2d 339, 343 (2005) (habeas petitioner "waived any concern he had about the interpreter's abilities by failing to object at the habeas hearing. The failure to interpose a timely objection to an interpreter's qualifications constitutes a waiver of the issue on appeal."). Applicant has sent this Court a letter, written in English, along with three letters written in Spanish from family members. He asks us to have the letters translated. The family members' letters were not included in the application that was before the trial court, and so they are not properly before us. *See Ex parte Simpson*, 136 S.W.3d 660, 668 (Tex. Crim. App. 2004) ("There is no provision in article 11.071 that permits either the State or the habeas applicant to submit original evidence directly to this Court. Evidentiary affidavits, letters, transcripts, or other documents relating to a habeas claim should not be attached to motions or briefs, and they shall not, and will not, be considered by this Court.").

I think that, in general, when a party has the burden of proof (as in habeas corpus proceedings) he should, if possible, present his pleading in English. Applicant obviously had the ability to do so in this case because the entire pleading was in English, except for his attached statement. Even if there may be occasions on which it would be necessary to appoint an interpreter or translator, this does not appear to be such an instance.[3]

I respectfully dissent.

Filed: January 27, 2016
Publish

---

[3] *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (rejecting claim of equitable tolling by habeas petitioner who had written letters and habeas petition in English, and even if he had assistance in doing so, "was clearly able to communicate with the person who helped him"). The habeas record from the trial court also contains a letter from applicant that is written in English.