

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,248-01

### Ex parte RAUL FERNANDO HOLGUIN CRUZ, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 55084-168-01 IN THE 168TH DISTRICT COURT FROM EL PASO COUNTY

KELLER, P.J., filed a dissenting opinion.

Grounds one and four of applicant's application are in English, but grounds two, three, and five are in Spanish. Applicant does not explain why some of his application is in Spanish. His grounds seem to allege, some in English and some in Spanish, that he should be released on parole, or that his lost good time should be restored, or that he should be given a new parole review date. Applicant asks for mercy, discusses injuries and physical problems he has suffered, refers to an internal affairs investigation and gang issues, and discusses his losing good time and his parole status. With his application, he includes a memorandum entitled "Support of Parole Eligibility" that is written completely in English.

I am not entirely persuaded that this Court has the authority to order a trial court to hire a certified interpreter to translate foreign language portions of a mixed-language habeas application into English, but even if we could, I would not do so in this case. Before trial, when a person is presumed innocent, he has the right to an interpreter at trial upon proper request. But once he has been convicted, the burden shifts to him to establish that he is entitled to relief. Our statutes do not provide for translators for post-conviction writs of habeas corpus. Furthermore, applicant has not explained why some of his application is in Spanish, nor has he asked that those portions be translated to English.[1] Finally, applicant does not appear to have alleged, in English or Spanish, a claim that is cognizable on habeas corpus.[2]

I think that, in general, when a party has the burden of proof (as in habeas corpus proceedings) he should, if possible, present his pleading in English. Applicant obviously had the ability to do so in this case because some of the grounds in his application are in English, and his memorandum is in English. Even if there may be occasions on which it would be necessary to

---

[1] *See Ramos v. Terry*, 279 Ga. 889, 893, 622 S.E.2d 339, 343 (2005) (Habeas petitioner "waived any concern he had about the interpreter's abilities by failing to object at the habeas hearing. The failure to interpose a timely objection to an interpreter's qualifications constitutes a waiver of the issue on appeal.").

[2] *See* TEX. GOV'T CODE § 508.141(a)(1) ("A parole panel *may* consider for release and release on parole of an inmate who . . . has been sentenced to a term of imprisonment in the institutional division.") (emphasis added); *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) ("This Court has previously refused to consider matters such as loss of good time credit, disciplinary proceedings and inmate classification by way of writ of habeas corpus.").

appoint an interpreter or translator, this does not appear to be such an instance.[3]

       I respectfully dissent

Filed: March 2, 2016
Publish

---

    [3] *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (rejecting claim of equitable tolling by habeas petitioner who had written letters and habeas petition in English, and even if he had assistance in doing so, "was clearly able to communicate with the person who helped him").