IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ETHAN KEDDELL,[1] | § | |
| | § | |
| Respondent Below, | § | No. 152, 2019 |
| Appellant, | § | |
| | § | Court Below: Family Court |
| v. | § | of the State of Delaware |
| | § | |
| LAURA KEDDELL, | § | File No. CN15-06087 |
| | § | Petition No. 15-34614 |
| Petitioner Below, | § | |
| Appellee. | § | |
| | § | |
| | § | |

Submitted: April 15, 2019
Decided: April 23, 2019

Before **STRINE** Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

# **O R D E R**

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)    On April 5, 2019, the appellant ("Husband") filed a notice of appeal from a Family Court order dated and docketed February 21, 2019.  Under Supreme Court Rule 6(a)(i), a timely notice of appeal should have been filed on or before March 25, 2019.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     On April 8, 2019, the Senior Court Clerk issued a notice directing Husband to show cause why this appeal should not be dismissed as untimely filed. In his response to the notice to show cause, Husband attributes the untimeliness of the notice of appeal to the facts that he had to proceed *pro se* on appeal because he was unable to continue paying his former counsel, English is not his first language, and he is unfamiliar with the legal system.

(3)     Time is a jurisdictional requirement.[2]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3]  An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements.[4]  Nor is an appellant's lack of language proficiency sufficient to warrant the equitable tolling of the time to file an appeal.[5]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[6]

(4)     Husband has not demonstrated that his failure to file a timely notice of appeal is attributable to court-related personnel.  Consequently, this case does not

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] Supr. Ct. R. 10(a).

[4] *Rogers v. Morgan*, 2019 WL 168667 (Del. Jan. 10, 2019); *Taylor v. Powell*, 2015 WL 2452916 (Del. May 20, 2015).

[5] *Lagunes-Diaz v. State*, 2014 WL 4930687 (Del. Sept. 30, 2014); *Quintero v. State*, 2008 WL 697599 (Del. Mar. 17, 2008).

[6] *Rogers*, 2019 WL 168667; *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  The appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice