**Opinion issued March 31, 2020**



In The

# Court of Appeals

### For The

# First District of Texas

————————————

### NO. 01-20-00252-CR

————————————

## IN RE RAYMOND SCOTT VANN, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Raymond Scott Vann, incarcerated and proceeding pro se, has filed a petition for writ of mandamus, requesting that this Court "order the [C]lerk of this Court to obtain trial court records."[1] He also asserts that, in light of his "good time credits," he "has sufficiently presented and established 'in the record' that the

---

[1] The underlying case is *State v. Raymond Scott Vann*, Cause No. 15-CR-0031, pending in the 10th District Court of Galveston County, Texas, the Honorable Kerry L. Neves presiding.

legal authority to detain [him] has expired" and that his "continued incarceration . . . is in violation of the trial court's judgment and legal authority." We dismiss the petition for writ of mandamus.

This Court lacks jurisdiction over relator's request that we "order the [C]lerk of this Court to obtain trial court records." TEX. GOV'T CODE § 22.221. This Court also lacks jurisdiction over relator's request for release in light of his "good time credits." *See In re Skinner*, No. 01-03-00285-CV, 2003 WL 1740479, at *1 (Tex. App.—Houston [1st Dist.] Apr. 3, 2003, orig. proceeding) (mem. op., not designated for publication) ("[T]his Court has no mandamus jurisdiction over the Texas Department of Criminal Justice."); *see also* TEX. GOV'T CODE § 501.0081; *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) ("This Court has previously refused to consider matters such as loss of good time credit, disciplinary proceedings and inmate classification . . . . The Department of Corrections provides procedures by which inmates may seek formal review of complaints relating to the terms and conditions of their imprisonment." (internal citation omitted)).

Thus, we dismiss the petition for writ of mandamus for lack of jurisdiction. All pending motions are denied as moot.

**PER CURIAM**

Panel consists of Justices Landau, Hightower, and Countiss.

Do not publish.   TEX. R. APP. P. 47.2(b).