NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0396n.06

Case No. 19-1426

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 10, 2020
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ROWMOTO ANTWION ROGERS, | ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| GREGORY SKIPPER, Warden, | ) |
| | ) |
| Respondent-Appellee. | ) |
| | ) |

Before: MERRITT, CLAY, and BUSH, Circuit Judges.

Petitioner Rowmoto Rogers has moved this court for appointment of counsel in this habeas case after his retained counsel, James S. Lawrence, was forced to withdraw representation in this appeal due to temporary suspension of his law license by the Michigan Attorney Discipline Board. *See* Order Granting Motion to Withdraw (6th Cir. June 15, 2020).

A petitioner in a habeas proceeding has no constitutional right to counsel. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *See* 18 U.S.C. § 3006A(g); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *see also* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever the . . . court determines that the interests of justice so require, representation may be provided for any financially eligible person . . . who is

seeking relief under section 2241, 2254, or 2255 or title 28."). Habeas corpus is an extraordinary remedy for "unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney. Counsel may be also be appointed if a hearing is scheduled. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim.

In this case, petitioner's retained counsel prepared and submitted petitioner's brief on appeal on July 29, 2019. The case was originally scheduled for oral argument on January 29, 2020, but was cancelled at the request of the panel.[1] The court currently has the case under consideration, and it will be decided on the record and the briefs filed by the parties. Petitioner's claims have been adequately investigated and presented by retained counsel. Neither the interests of justice nor due process require that petitioner be given appointed counsel at government expense at this late stage of the habeas proceedings. We therefore deny the motion for appointment of counsel.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk

---

[1]Contrary to statements made in petitioner's motion to appoint counsel, the case was not removed from the oral argument docket due to the Covid-19 pandemic and the resulting cancellation of a number of in-person oral arguments. The decision to remove the case from the oral argument docket was made well before our Court cancelled in-person arguments due to the virus outbreak. *See* Letter to James S. Lawrence dated January 24, 2020.